NEW-YORK,
Nov. 1809.

BYRNE
v.
VAN HOESEN.

Where *A.* was in possession of land, which had also been possessed by his ancestors, and died leaving a widow and three children, under age, and the widow entered and kept possession; it was held, that she might maintain trespass, and that having again married, her husband must join in such action. Where a widow enters in such a case, the presumption of law is, that she enters, as guardian in socage to her children, and is in possession *by right.* A guardian *in socage* has the custody of the land, and may receive the rents and profits, for the benefit of the heirs; and has such an interest in the land, as to enable him to maintain trespass. Such a guardianship ceases when the infant arrives at the age of fourteen; but if the infant does not choose another guardian, the former guardianship will continue.

## W. BYRNE and Wife *against* VAN HOESEN.

THIS was an action of trespass *quare clausum fregit,* for entering the plaintiff's close, and cutting down and carrying away trees, &c.

Plea, the general issue.

The plaintiffs proved, at the trial, that the defendant cut wood on a lot called *Byrne's* lot. The grandfather and father of *Albert Van Loan,* the younger, possessed the lot, and after them, *Albert,* the younger. The father of the defendant frequently cut wood there, twenty years ago. *Albert Van Loan,* the elder, was possessed of the *locus in quo,* from 1750 to his death, in 1754. The plaintiffs then produced a deed, dated the 4th of *December,* 1754, from *Albert Van Loan,* the elder, to the father of young *Albert,* for one-third of the *bush and woods* which he claimed in the patent of *Lunenburgh.* The plaintiffs then offered to prove, that the said bush and woods included the *locus in quo;* but the defendant contended that the soil did not pass by these words, and the judge ruled otherwise. The plaintiffs then proved, that young *Albert,* after his *father* and his *grandfather* possessed the premises, between thirty and forty years, was in the sole possession; and that when he died, *his widow,* now the plaintiff's wife, came into possession, and has since possessed the land. Since she married *Byrne,* the plaintiffs have had possession of the premises. The defendant cut and carried away wood, within the years 1802 and 1806; and he claimed a right to cut wood, as having a right of common. Young *Albert* died in 1798, leaving a widow and three children, which children are yet living, and are minors. The premises are joined on one side by enclosed fields; but on the other sides are not enclosed.

The judge charged the jury, that the plaintiffs had not made out a paper title, and that the only question was as to the possession. The jury found a verdict for the plaintiffs. A motion was made to set aside the verdict, and for a new trial.

*I. V. D. Scott*, for the defendant.

*E. Williams* and *Fraser*, contra.

*Per Curiam.* Here was enough shown to maintain the action. The former husband of *Polly Byrne* died in possession of the *locus in quo*, and that possession had been transmitted to him from his ancestors. He left three infant children, who are still minors; and on his death his widow entered into possession, and has retained it ever since. Her possession was sufficient to maintain trespass. But the intendment of law is, that she is in possession *by right*, and entered as guardian *in socage* to her children, as her entry and perception of the profits have not been accompanied with any acts or declarations inconsistent with that character. (3 *Cruise's Dig.* 411. 3 *Wils.* 516. 1 *Johns. Rep.* 163.) This guardianship ceases when the infant arrives at the age of fourteen, so far as to entitle the infant to enter and take the land to himself; and yet, if no other guardian succeeds, this will continue. (*Litt.* s. 123. *Andr.* 313.) The guardian in socage has the custody of the land, and is entitled to the profits for the benefit of the heirs. He has an interest in the estate, and may lease it, may avow in his own name, and may of course have trespass. (*Com. Dig.* tit. *Guardian in Socage. Cro. Jac.* 98.)

The guardian in this case being married to the other plaintiff, the suit was properly brought in their joint

names; for the husband must join with the wife in her suits.

There is no ground, therefore, to set aside the verdict, and the motion is denied.

Rule refused.