Let the non-suit stand.

WILLIAM C. SNOOK *ex dem.* JOHN C. COURSEN and WILLIAM COURSEN *against* LEWIS SUTTON and others.

### EJECTMENT.

A lease made by the guardian of an infant under the age of fourteen years, for a term of years extending beyond the arrival of the infant at that age is voidable, and may be avoided by another guardian chosen by the infant after he attains the age of fourteen.

*Ryerson,* for plaintiff.

*Job S. Halsted,* for defendant.

EWING, C. J. The single question, on which this cause depends, is whether a lease made by the guardian of an infant under the age of 14 years, for a term of years extending beyond the arrival of the infant at that age, is afterwards valid or voidable. For it was candidly and correctly admitted by the defendant's counsel on the argu-ment that, if not valid but voidable, enough had been done to avoid the lease, on which alone the defence on the trial of this cause rested.

Matthias Cummins was, on the 23d of February, 1816, appointed guardian of John and William Coursen, the lessors of the plaintiff, until they should attain the age of 14 years. The former became 14 in December, 1822, the latter arrived

at that age in July, 1825. On the 23d of May, 1826, William Snook, the plaintiff, was legally appointed their guardian until the age of 21. Matthias Cummins, on the 29th June, 1824, made the lease in question for a term of five years, to expire on the 1st of April, 1830.

The case of *Vandoren* v. *Everitt,* 2 *South.* 460, strongly relied on by the counsel of the defendant, so far from proving that a guardian of an infant under fourteen, may make a lease, which shall continue unavoidable beyond his guardianship, and until the infant becomes twenty-one years of age, does, rightly understood, clearly sustain the converse of the proposition. In that case the lease was made by a guardian over 14, for a term which was to end on the 1st of April, 1815, about eight months after the infant would attain majority in July, 1814. And the question was whether, after that time, it was [absolutely] void or [merely] voidable. What was, said by the court is to be taken, as at all times it ought, with reference to the existing state of facts. *Ch. J. Kirkpatrick* said, " If guardian in socage make a lease to continue beyond his guardianship, it is not absolutely void upon the infant coming of age, but voidable only. And consequently, the infant may, at that time, either affirm the lease or void it at his pleasure." *Justice Rossell* said, " The lease from the guardian, who had the sole charge of the estate of his wards, was certainly good, until those wards, or one of them, should arrive at full age; whether it should be so to the remainder of the term, depended on him who was entitled to the estate. Should he receive rent after he came of age, it would be a recognition of the lease, and he shall be bound by it. From the interest and authority which the policy of the law hath invested guardians with, a guardian may do several acts which will bind the infant, such as making leases."

Now, it is clear, that any generality of expression to be found in these opinions, is to be referred to and limited by the very case, at that time, before the court. This subject

of which they were speaking was not a lease made under 14 to continue until 21, but a lease made after 14 to continue beyond 21. They meant to say a guardian over 14, might make a lease, not void as had been insisted by the counsel of one of the parties, but which should continue until the ward arrived at majority and even longer if affirmed by him, when of full age. They did not intend to say a guardian under 14 might make a lease, which should remain unavoidable until 21. Of such a lease, they had no occasion directly to speak. They do, however, distinctly recognize a general principle; and it is in truth, the principle established by the case, that a lease made by a guardian, extending beyond the period of guardianship is voidable by him who is then entitled to the charge, control and management of the estate.

Notwithstanding the influence to which this decision is justly entitled, it may be satisfactory to look somewhat further into the subject.

To our guardian by statute, the guardian in socage, or guardian by the common law, as he is sometimes called, is most nearly assimilated. They are by no means *alter et idem;* in some points they entirely differ. But the one is probably the source of the other, and the resemblance between them will sustain an analogy sufficient for our present purpose.

The guardian in socage is the next of kin of the heir under the age of fourteen, to whom the lands of inheritance cannot possibly descend. He has the custody of the person and the lands of the heir, until he attains the age of fourteen years. When arrived at that age, or at any time afterwards, the infant may choose another guardian. The guardianship in socage regularly ceases when the heir becomes fourteen, though if he chooses no other guardian, the former continues until he becomes of the age of 21 years. *Bacon* says, the guardian in socage is invested by law not only with an authority, but an interest in the lands of the ward; but he

always adds "till the guardianship ceases." *Bac. abr. tit. Guardian, A. fol.* 674, *tit. Leases* 406, 407. Now, as the authority and interest end when the guardianship ceases, it seems to follow as a necessary conclusion that the guardian cannot make a lease which shall outlast, in full force, both his authority and interest. But let us pursue this enquiry further. *Littleton,* whose authority on this point is unquestionable, says, in section 123, "When the heir cometh to the age of fourteen years complete, he may enter and oust the guardian in socage, and occupy the land himself if he will." Now this doctrine is utterly irreconcilable with the position, that the guardian may make a lease which shall be valid, and bind the infant himself, as well as every other person until 21. For if he may enter and oust the guardian and occupy the land, he may surely do the like, if a lease has been made by the guardian, who can not lawfully invest another with a greater interest than he himself holds. The doctrine of *Littleton,* has ever since been uniformly recognized. In *Byrns* v. *Van Horsen,* 5 *John.* 66, the Supreme Court of New York say, "This guardianship [in socage] ceases when the infant arrives at the age of 14, so far as to entitle the infant to enter and take the land to himself, and yet if no other guardian succeeds this will continue." *Ch. Just. Reeve* in his treatise on domestic relations 313, says, "At fourteen, the ward is no longer under such guardian [in socage]. He may then demand his estate and have an account from the guardian. He may enter upon the guardian and oust him, but being still a minor, he may be under a guardian of a different description.

The principle so plainly deducible from this control of the infant over the lands, when he becomes fourteen, is further illustrated and enforced by the qualification of the power of the guardian in socage in making leases, which is so uniformly and unvariably annexed, whenever the power is mentioned. *Comyns tit. Guardian B.* 4, says, "He may make a lease of the infant's estate, till his age of fourteen

years." In *Wade* v. *Baker*, 1 *Ld. Raym.* 131, the court say, "guardian in socage, may make a lease of lands in his own name until the age of fourteen." In the *King* v. *Oakley*, 10 *East.* 494, *Lord Ellenburgh* said, "a guardian in socage may dispose of it during his guardianship, though accountable afterwards to the heir;" and *J. Grose* said, "she had a right during her guardianship, either to lease or occupy the estate." In *Ross* v. *Gill*, 1 *Wash.* 90, the court said, "there is no doubt but that a guardian may lease the lands of the ward, during infancy if the guardianship so long continue." In *Field* v. *Schieffelin*, 7 *John. Ch. Rep.* 184, *Chancellor Kent* said, "the guardian in socage of the real estate, may lease it in his own name and dispose of it during the guardianship, and the Chancery guardian has equal authority.

The phrase respecting time in all these cases, is clearly designed to indicate the legal duration or continuance of the lease, which the guardian may make, and not to denote the time at which it may be made. It was not intended to say, he might make it being guardian, and not before he became or after he ceased to be so. But to shew what period of time he might lawfully comprehend in his lease.

I have said that the guardian in socage, might continue to act as guardian after the infant arrived at the age of fourteen, unless superseded by the choice of another. It is important to notice, that in this respect, our statute law as it stood, when Matthias Cummins was appointed guardian of the lessors of the plaintiff was radically different. A guardian of an infant under 14, was appointed to be guardian until he should attain the age of 14. At that period the guardianship ceased by its own limitation. If the minor afterwards chose the same person to continue guardian, and application was made by the minor to the Orphans' Court in person, an entry was made by the clerk on the minutes of the court and endorsed on the letter of guardianship, which was sufficient to constitute a legal

guardianship, until the minor should arrive at 21, without a new letter of guardianship, but if the minor chose another person, letters of guardianship should anew issue. *Patt.* 63, *sec.* 18. Thus the law remained from the year 1784 to 1820, when it was enacted, that the guardian appointed under 14, should be guardian until the orphan attained the age of fourteen, or other guardian should be appointed in his stead, and until the orphan after arriving at the age of fourteen should choose another guardian, the person first appointed should remain under the first letter of guardianship, and the bond thereon given should continue in force, but if the orphan should choose another guardian, a new letter should be issued. *Rev. Laws* 784, *sec.* 28. In the case before us then, a question might well be raised, whether the lease made after Cummins had ceased to be guardian of John C. Coursen, by his attainment of the age of fourteen was not, as to his moiety of premises, entirely void. It is not necessary, however, to examine it, for the lease being, at the best, voidable, the defendant had no available defence, and judgment ought, therefore, to be rendered for the plaintiff.

DRAKE, J. The question raised in this case is, how far the guardian of an infant under fourteen years of age can make a valid lease of the infant's lands to continue beyond that period. Guardians in socage, by the common law, continued only until the minor was fourteen years of age; for then he was presumed to have discretion so far as to choose his own guardian. 1 *Blk. Comm.* 462. And during the continuance of the guardianship, he was considered to have not merely a bare authority over the lands descended, but also an interest, which enabled him to make leases in his own name; and if he made leases for years to continue beyond the time of his guardianship, such leases were held not absolutely void by the infant's becoming of age, but only voidable, by him, if he thought fit. 4 *Bac. Abrdgt.*

139. *Southard's Rep.* 460. If becoming *of age* always means the full age of 21, which is very doubtful from the context with which it is frequently connected, the books take but little notice of the avoidance of leases by infants between the ages of fourteen and twenty-one. From which circumstances, as well as for reasons drawn from cases, which certainly sometimes occur, where it would be for the advantage of the estate that a power should exist somewhere to make long leases, it is insisted on the part of the defendant, that this lease was not revocable until the infant had arrived to the age of twenty-one years. But I should not feel inclined, unless upon express and well settled authority, to coincide in this opinion. The statute of New Jersey, which was in force at the time when this lease was made, regulating the appointment of guardians to infants under fourteen, evidently contemplated a renewal of the authority after the ward became fourteen, to constitute a legal guardianship until twenty-one. And it would be strange if a guardian for a limited period should be enabled, by force of that appointment, to exercise an authority over the lands of the ward, to continue beyond that period, at the sole pleasure of such guardian, to any time within the limit of seven additional years. The common law, in its ever-watchful care of the interest of minors, has suffered their guardians to make *advantageous* leases for them, continuing, at the option of the minor, even beyond the age of twenty-one. And for the same reasons we may so construe our statute, that if the guardian of an infant under fourteen, make an advantageous lease for him to continue beyond that age, it shall not be absolutely void, but the lessee shall be bound by it. This may benefit, but cannot prejudice the infant, if he be left free. But he must be left free, otherwise his interest will be ever liable to suffer from a selfish or fraudulent desire in the guardian to stretch his authority to the utmost, or from his erroneous speculations as to the future value of property. My opinion then is, that the lease under which the defend-

ants claim was at least *voidable.* And as the infant was yet within age, and not able to act in the letting of lands, or revocation of a.lease, it was done in this case in the proper mode, that is to say, by his new guardian duly chosen and appointed.

Judgment for plaintiff.