JAMES A. SEWARD AND DANIEL BENNETT, PLAINTIFFS IN ERROR, v. HENRY DIDIER, DEFENDANT IN ERROR.

1.    Guardian and Ward.    Where a petition for the appointment of a guardian for a child six or seven years of age was signed in the name of the child, and a guardian was appointed and gave bond, etc., *Held*, Sufficient to give the court jurisdiction.

2.    ———: SALE OF REAL ESTATE OF WARD.    Where the records of the probate court show a license to a guardian to sell the real estate of his ward, a sale and confirmation thereof, and the execution of a deed to the purchaser, it will be presumed twenty-two years afterwards, in an action by the ward to recover the land, that the necessary steps were taken to procure the issuing of the license.

3. ———: SETTLEMENT. A settlement by a ward after he comes
of age, with his guardian, acceptance of the proceeds of sales
made by him, and discharge of the guardian and sureties on his
bond, is a ratification of his acts.

4. ———: LIMITATION. No action can be maintained by a ward
to recover lands sold by his guardian unless the action is com-
menced within five years next after the ward comes of age.

ERROR to the district court for Richardson county.
Tried below before DAVIDSON, J.

A. Schoenheit and E. W. Thomas, for plaintiffs in er-
ror, cited: Freeman Void Judicial Sales, § 42. Good
v. Norley, 28 Iowa, 188. Holmes v. Beal, 9 Cush., 223.
Vancleave v. Milliken, 13 Ind., 105. Coon v. Fry, 6
Mich., 506. Marvin v. Schilling, 12 Mich., 360. Watts v.
Cook, 24 Kansas, 278. Bryan v. Bauder, 23 Kansas, 95.
Maxwell v. Campbell, 45 Ind., 360. Worthington v. Dun-
kin, 41 Ind., 516.

Martin & Gilman, for defendant in error, cited: Free-
man Void Sales, §§ 16–19. Pursley v. Hayes, 22 Iowa,
11. Good v. Norley, 28 Id., 188. Lyon v. Vanatta, 35
Id., 522. Rankin v. Miller, 43 Id., 21. Miller v. Miller,
10 Tex., 319. Townsend v. Tallant, 33 Cal., 45. Bigelow
on Estoppel, 515. 1 Parsons Contracts, 323. Davidson v.
Young, 38 Ill., 147.

MAXWELL, J.

This is an action of ejectment instituted by Henry Didier
against James A. Seward to recover the north half of the
south-west quarter of section three, township three north,
of range sixteen east. Seward was in possession, claiming
title under a warranty deed from Daniel Bennett, and he
immediately notified Bennett to defend the action. Ben-
nett on his own application was made a defendant, and the
action then proceeded against both Seward and Bennett.

On the trial of the case a jury was waived and the court found the issues in favor of Didier, and rendered judgment in his favor for the possession of the premises. Seward derives title through a sale of the land in controversy made by the guardian of Didier in the year 1860, Didier being at that time six· or seven years of age. Three questions are presented: 1st. The validity of the guardian's sale; 2d. Ratification of the sale by Didier after coming of age; 3d. Whether the action is barred by the statute of limitations. These questions will be considered in their order.

It appears from the record that in January, 1860, a petition for the appointment of a guardian for Henry Didier was presented to the probate court of Richardson county. This petition recites the necessary facts showing the necessity for the appointment of a guardian for said minor. It was prepared by an attorney and signed in the name of the infant. The defendants contend that being so signed it is void. The record fails to show by whom the attorney was employed, nor is it necessary that it should do so. At common law there were three kinds of guardianship, viz., guardian by nature, guardian by nurture, and guardian in socage. The guardian by nature is the father, and on his death the mother. Guardian by nurture occurs only when the child has no other guardian, and terminates when the infant arrives at the age of fourteen years. Co. Litt., 88b. Willard Eq., 621. Guardian in socage extends both to the lands and person of the infant. The guardian in socage was entitled to the custody of the land and to receive the rents and profits for the benefit of the heirs. *Byrne v. Van Hoesen*, 5 John., 66. *Jackson v. De Walts*, 7 Id., 158. *Jackson v. Vredenberg*, 1 Id., 159–163.

In *Berne v. VanHoesen*, it said the guardian "has an interest in the estate and may lease it; may avow in his own name, and may of course have trespass." The change in the law of descent and the substitution of allodial for socage tenures has materially modified this form of guar-

dianship. The extent to which it exists in this state need not now be determined, as the right to appoint a guardian in cases of this kind is unquestioned. The probate court of Richardson county, before making the appointment, no doubt enquired into the necessity of appointing a guardian and found that the petition, although as a matter of form in the name of the minor, was presented by the proper party. The appointment therefore was valid. But even if the original appointment had been open to attack for want of a proper petition. or other formal matter, Henry Didier waived the objection after coming of age by settling with his father as guardian and ratifying his acts as such. The guardian gave a bond in the sum of twelve hundred dollars, which was duly approved. Objection is made that no petition for the sale of the land in controversy was offered in evidence, and it is said that there being no petition the court had no jurisdiction. How far this position is correct, it is unnecessary to determine, because from the fact that a license was issued for the sale of the land in question it will be presumed after the lapse of twenty-two years that the necessary preliminary steps were taken. The law will presume official acts of public officers to have been rightly done unless the circumstances of the case overturn this presumption; and acts done which presuppose the existence of other acts to make them legally operative are presumptive proof of the latter. *Bank of the United States v. Dandridge*, 12 Wheat., 70. *Coombs v. Lane*, 4 O. S., 112. *Ward v. Barrows*, 2 Id., 241. *Tecumseh Town Site Case*, 3 Neb., 284. This doctrine is peculiarly applicable to a new state, where, from lack of proper conveniences and from the ease with which access may be had to them, papers cannot be, or at least are not, as carefully preserved as in older communities. This consideration with others led to the incorporation into both our constitutions of the clause requiring sales of real estate by executors, administrators, and guardians to be licensed by the judge of the

district court.  We therefore hold that in the absence of proof to the contrary the issuing of license to sell real estate presupposes the existence of the necessary steps to authorize its issue.

In *Grignon's Lessee v. Astor*, 2 How., 339, it is said: "We all know that even in the old states the records of these and similar proceedings are very imperfectly kept, and that where it consists of separate pieces of paper, they are often mislaid or lost by the carelessness of clerks and their frequent changes; regular entries of the proceedings are not entered on the docket as in adversary cases, nor are the facts set forth in the petition entered at large; and it is no matter of surprise that in so new and remote part of the country as the place where these proceedings were had this state of things should exist."

In *Thompson v. Tolmie*, 2 Peters, 162, it was held that where the court had jurisdiction the purchaser is not bound to look beyond the decree.

In *Ballow v. Hudson*, 13 Gratt., 672, it is said considerations of public policy require that all questions of succession to property should be authoritatively settled.  Courts of probate are therefore organized to pass on such questions when arising under wills, and a judgment by such a court is conclusive while it remains in force, and the succession is governed accordingly.  A judgment of this nature is classed among those which in legal nomenclature are called judgments *in rem*.  Until reversed it binds not only the immediate parties to the proceedings in which it is had, but all other persons and all other courts.

In *M'Pherson v. Cunliff*, 11 Serg. & R., 422, the court held that the decree of an orphans' court for the sale of lands was conclusive; that the proceeding was purely *in rem*, against the estate of the intestate, and not *in personam*.

In *Lalanne's Heirs v. Moreau*, 13 La., 433, it is said that the decree of the court of probate ordering a sale of the property of minors is so purely *in rem* and against the

property that a sale made under it extinguishes all the mortgages existing in the name of the owner of the property sold. Whether the last proposition is correct or not it is unnecessary to enquire.

But it is said that the probate court in 1860 had no power to grant a license to a guardian to sell the land of his ward. Sec. 43 of chapter 45 of the laws of 1856, which was in force in 1860, read as follows: "When the goods, chattels, rights, and credits in the hands of the guardian of any *widow*, or of any idiot or insane person, or any person under guardianship on account of excessive drinking, gaming, idleness, or debauchery, shall be insufficient to pay all the just debts of the ward, with the charge of managing his estate, the guardian may be licensed by the probate court of the county in which the guardian was appointed to sell his real estate for that purpose, in like manner and upon the same terms and conditions as are prescribed in this chapter in the case of a sale by executors or administrators, excepting in the particulars in which a different provision is hereinafter made."

The word "widow" in the above section is an evident misprint for the word "minor." The subject matter of the section relates to persons under guardianship, and to nothing else. The words "to pay all the just debts of the ward, with the charges of managing his estate" must be held to apply to all debts, including those for his support, for which the ward would be legally liable. This would authorize the court in a proper case to order a sale for the purposes set forth in the record in this case. The court, therefore, had authority to issue the license in question, and as the sale was afterwards confirmed by the court, and a deed ordered and made, the purchaser acquired a valid title by the sale.

II. The record shows that on the 16th of August, 1877, Henry Didier made a final settlement with his father in the county court of Richardson county, and executed a receipt as follows:

"I, Henry Didier, do hereby acknowledge the receipt of five hundred dollars from my guardian, John B. Didier, this 16th day of August, 1877, which is in full of the balance due me from him as said guardian, and I hereby fully and effectually discharge my said guardian and the surety on his bond from all liabilities as such guardian. And I further say that I am over the age of twenty-one years, and competent in law to make this settlement and execute this discharge.

"HENRY DIDIER.

"In presence of WM. MAST."

*Prima facie* this would seem to be a ratification of the acts of the guardian, and no reason has been shown why the ward is not bound by it.

III. The testimony shows that more than five years had elapsed after Henry Didier was twenty-one years of age before this action was instituted. It is claimed on his behalf that the five years' limitation of the decedents' act only applies in case the sale was valid. There would seem to be no necessity for a statute of limitations to protect a title valid in itself. The statute, without doubt, was intended to apply to all sales made by a guardian, executor, or administrator. *Spencer v. Sheehan,* 19 Minn., 338. *Miller v. Sullivan,* 4 Dill., 340. *Good v. Norley,* 28 Iowa, 188. The last case was overruled in *Boyles v. Boyles,* 37 Iowa, 592; but in our view the opinion in 28 Iowa is the better law. *Holmes v. Beal,* 9 Cush., 223. *Norton v. Norton,* 5 Id., 524. *Arnold v. Sabin,* 1 Id., 525. *Howard v. Moore,* 2 Mich., 226. *Coon v. Fry,* 6 Id., 506.

In *Miller v. Sullivan,* Dillon, J., says: "This is a wise statute, doubly wise in a new country for reasons which fully appear in this case. It would be robbed of its virtue if it was confined to cases where the sale was valid, for such sales do not need the protection of the statute. They that are whole need no physician."

Where a sale has been made under the orders of a court,

and under its supervision and direction, the sale confirmed, and a deed ordered and made to one who purchased in good faith, and the money derived from the sale is used, as in this case, in providing necessaries for the infant, there is but little merit in an action instituted by him twenty-two years afterwards to recover the land, the price of which he has already received in his nurture and education, and no such sale should be held to be void unless it is clearly so. It follows that the judgment of the district court must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.