ROTHWELL, Appellant, v. JAMISON et al.

Division Two, February 7, 1899.

147   601
f147  616
147   601
158   246

1. **Limitations: POSSESSION BY LIFE TENANT.** The possession of a life tenant is not and can not be adverse to the remainderman.

2. **Will: PROBATE: PRESUMPTION.** Although a will proved before the clerk in vacation and recorded, is not admissible in evidence unless the probate thereof was afterwards confirmed by the probate court, yet, as an exception to this rule, it will be presumed, where the copy of the will also contains a copy of the evidence taken at the time the will was exhibited for proof, and sixty-five days had elapsed after it was filed with the clerk and proofs taken before it was recorded in the proper office, that the probate of the will by the clerk was in the *interim* between the filing of the will and its record, confirmed by the court.

3. ——: ——: ——: **THAT OFFICER DID HIS DUTY.** And, in such case, where the statute in force at the time requires the clerk to record the will within thirty days after its probate, it will be further presumed that the officer did his duty, and did not record it until the court made an order confirming the probate of the will.

4. ——: **COPY: LOSS OF ORIGINAL: WAIVER.** Where no objection was raised in the trial court to the introduction of a certified copy of a will, on the ground that the loss or destruction of the original had not been accounted for, the Supreme Court will not consider an objection to the admission in evidence of the transcript of the record of the will.

5. ——: **RECORD: MORE THAN THIRTY YEARS: NOTICE.** The record of a will, which has been recorded more than fifty years before being offered in evidence, imparts notice to all persons.

6. ——: **MEANING: CIRCUMSTANCES.** If from the provisions of the will the intention of the testator be doubtful or uncertain, the circumstances may be considered in arriving at the intention of the maker.

7. ——: ——: TO CHILD NOT IN ESSE: VESTED ESTATE. A will stated: "I will and bequeath to my daughter, Sarah, and her children all my landed estate lying and being in Saline county . . . . . . . and if my said daughter shall die without issue, it is my will that all the property, which I do hereby devise to her, shall, after her death, be equally divided among my brothers and sisters." In the codicil the testator said: "I have by last will and testament given and bequeathed to my daughter, Sarah, a certain tract of land," etc. At the execution of the will Sarah was eight or nine years old. Afterwards she married and had an only daughter, who survived her. *Held*, that the testator intended to give Sarah a fee simple estate in the land, and that such estate vested in her on the death of the testator, and at her death it was cast upon her only child.

8. ——: ——: ——: ——: CURTESY: LIMITATIONS. So that when the said Sarah married, and died, leaving surviving her her husband and her daughter, the husband held a curtesy in the land during his life, and the statute of limitations was not by his occupancy put in motion against the owners of the fee until his death.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

DAVIS & DUGGINS and G. F. ROTHWELL for appellant.

(1) The possession of Thomas L. Gorham and his grantees is the possession of a life estate by curtesy by marriage with Sarah F. Gorham and the interest of the appellant is her fee in remainder, and the life tenants' possession is not and can not be adverse to the remainderman. Rumsey v. Otis, 133 Mo. 85; Dyer v. Witler, 89 Mo. 81; Sutton v. Casseleggi, 77 Mo. 397. (2) The court erred in admitting in evidence over plaintiff's objection the certified transcript of the alleged will of Martha Ann Frances Hillman from the record of the county court of Lafayette county because said transcript contained no copy of any order of said court admitting said will to probate or any order of said court approving the action of the clerk in vacation in taking the

proof of said will, and because said will was never probated.
R. S. 1835, chap. Wills, sec. 9; Barnard v. Bateman, 76 Mo.
414; Snuffer v. Howerton, 124 Mo. 637; Smith v. Estes, 72
Mo. 312; Bright v. White, 8 Mo. 421; Keith v. Keith, 97
Mo. 228; Jourden v. Meirs, 31 Mo. 40.   (3)   The court
erred in admitting in evidence over plaintiff's objection the
record of the transcript of said alleged will of Martha Hill-
man, in the recorder's office in Saline county, because the
loss or destruction of the original instrument was not first
established by competent evidence.   R. S. 1889, sec. 2428;
Hoskinson v. Adkins, 77 Mo. 537; Gould v. Trowbridge, 32
Mo. 291.   Said record was not made evidence by Revised
Statutes 1889, sections 4865 and 4864.   Gatewood v. Hart,
58 Mo. 261.   (4)   Nor were said transcript or record of
the alleged will of Martha Hillman, admissible as secondary
evidence of an ancient document, because the will of a mar-
ried woman is not a common law conveyance.   Boyle v.
Chambers, 32 Mo. 46; Megan v. Boyle, 19 How. 149;
Reaume v. Chambers, 22 Mo. 53.   (5)   The court erred in
giving force and effect to said alleged will of Martha Hill-
man as a conveyance, after admitting said transcript and
record in evidence, because said alleged will is void and
worthless as a muniment of title without probate thereof.
R. S. 1835, chap. Wills, sec. 19; Snuffer v. Howerton, 124
Mo. 637; Keith v. Keith, 97 Mo. 228; Cabanne v. Skinker,
56 Mo. 357.   (6)   The alleged will of Martha Hillman,
construed according to the true intention of the testatrix,
would convey to Sarah Frances Gorham the said wife
of Thomas L. Gorham, an estate of inheritance, casting an
estate by the curtesy on him, and the court erred in not so
construing it.   R. S. 1835, "Conveyances," sec. 2; State ex
rel. v. Tolson, 73 Mo. 320; 2 Jarman on Wills, p. 138; 3
Jarman on Wills, p. 185, note m; Wead v. Gray, 78 Mo. 62;
Green v. Sutton, 50 Mo. 186; Small v. Field, 102 Mo. 105;
Duggans v. Livingston, 15 Mo. 230; Reinders v. Koppleman;

94 Mo. 343.    (7)    The word "children," as a word of limitation under our statute, where the issue of a person entitled, takes the share of his ancestor, is equivalent to "heirs" and may limit a fee.  Richardson v. Noyes, 2 Leading Cases Real Property, 423; 2 Cooley's Blackstone, p. 201; Waddell v. Waddell, 99 Mo. 345; Small v. Field, 102 Mo. 105; Chew v. Keller, 100 Mo. 369; Maguire v. Moore, 108 Mo. 273; 4 Kent, 658.

McDougal & Sebree for respondents.

(1)  The evidence introduced by plaintiff did not authorize a judgment in his favor on the theory that Sarah Frances Archer acquired title by descent from Martha Ann Gorham Hillman.  The testimony on this question was nearly all purely hearsay.  It did not conform to the rule which restricts hearsay evidence of pedigree "to the declarations of deceased persons who were related by blood or marriage to the person in question."  Fowler v. Simpson, 79 Tex. 611; Haddock v. Railroad, 3 Allen, 298; 1 Greenl. on Ev. [15 Ed.], pp. 153, 154, 155; Ins. Co. v. Schwenck, 98 U. S. 593; Flora v. Anderson, 75 Fed. Rep. 217; 18 Am. and Eng. Ency. of Law, 258-264, and notes.    (2)    The will was properly admitted in evidence.  *First.*  The original will was shown to have been lost, and this certificate of the clerk ought to be taken as sufficient evidence of the probate required by law, and especially after the will had been on record for over fifty years.   Dickey v. Vann, 81 Ala. 432; Brown v. Wood, 17 Mass. 68.  *Second.*  And from the fact that the will and proof were recorded by the clerk of the county court, which, until legal probate, could not have been properly done, the probate will be presumed.   R. S. 1835, p. 618, sec. 14, under Wills; Lackland v. Stevenson, 54 Mo. 111; Thursby v. Myers, 57 Geo. 157; Creasy v. Alverson, 43 Mo. 20; Miller v. Dunn, 62 Mo. 225; Barnard v. Bateman, 76

Mo. 414; State v. Lord, 118 Mo. 5; Chandler v. Bailey, 89 Mo. 644; State ex rel. v. County Court, 98 Mo. 368; Baker v. Underwood, 63 Mo. 389. And this presumption is made stronger by the fact that the will was not recorded by the clerk within thirty days from the time the proofs of the witnesses were taken. *Third.* The will and proofs have been recorded in the recorder's office in Saline county for over thirty years, and the record imparted notice to all persons and was original evidence. R. S. 1889, secs. 4864, 4865, 8893; Totten v. James, 55 Mo. 496; Creasy v. Alverson, 43 Mo. 20; Brown v. Oldham, 123 Mo. 630. (3) The cardinal rule in the construction of wills is that the testator's intention, as gathered from the whole instrument, shall prevail. Schouler on Wills, sec. 466; McMillan v. Farrow, 141 Mo. 62. *First.* Had the devise contained only the words "Sarah Frances Gorham and her children," the word "children," there being no extraneous circumstances, nor other parts of the will indicating a different intention, would be held a word of limitation, the same as "issue" or "heirs of the body," and to vest in the first taker a life estate, with remainder to the children, whether in being or born afterwards. Maguire v. Moore, 108 Mo. 267; Schouler on Wills, sec. 555; Wild's case, 6 Coke's Rep. 16; Baker v. Nall, 59 Mo. 268; Kinney v. Mathews, 69 Mo. 524; Reed v. Lane, 122 Mo. 311; Godman v. Simmons, 113 Mo. 127; Lehndorf v. Cope, 122 Ill. 329. *Second.* The testatrix intended the land as a provision for her daughter for life, then to her children, if she left any, and if not, to go to her brothers and sisters. McMillan v. Farrow, 141 Mo. 55.

BURGESS, J.—This is an action of ejectment for the possession of forty acres of land in Saline county, Missouri. The petition is in the usual form and the answer a general denial.

The case was tried by the court, a jury being waived.

There was judgment for defendants from which plaintiff, after an unsuccessful motion for a new trial, appeals.

Both parties claim title under one Martha Ann Frances Gorham as the common source of title.

The facts are stated by counsel for defendant to be as follows:

The plaintiff's position is that Martha Ann Frances Gorham died intestate leaving as her sole heir a daughter, Sarah Frances Gorham; that said daughter married Thomas L. Gorham, and died, leaving her husband and a daughter, Sarah Frances, and that the latter married W. H. Archer, who, with her by joint deed, conveyed the land to H. T. Fort, the deed being recorded October 4, 1876; and that H. T. Fort's heirs conveyed to plaintiff; that neither plaintiff nor his grantors were entitled to possession of the land until the death of Thomas L. Gorham, in 1891, who, plaintiff contends, had curtesy in the land, by virtue of being the husband of Sarah Frances Gorham.

To establish the facts necessary to pass the title to Sarah Frances Archer, the plaintiff relies upon the depositions of Annie E. Fort, Frances M. Hammett and John T. Fort, whose testimony defendant contends is simply hearsay, incompetent and of no probative force.

The defense is adverse possession and the bar of the statute of limitations, and in support thereof defendant introduced a deed to the land from Thomas L. Gorham to defendant Jamison, dated April 27, 1870, and recorded in the recorder's office of Saline county, October 20, 1870, and it was admitted by plaintiff that the defendant, Jamison, had been in possession of the land, claiming title thereto, adversely, ever since the date of said deed. The defendant also proved that Martha Ann Frances Gorham married a man by the name of Hillman, with whom she had a marriage contract authorizing her to dispose of her property by will, and

that she did make a will, which was filed with the clerk of
the county court of Lafayette county, Missouri, upon her
death in that county, on the twenty-fourth day of June,
1843, and said clerk took the proofs of the witnesses
to the will required in such cases.    The will and the proofs
thereof were recorded in the office of the county clerk of
said Lafayette county, on the twelfth day of September,
1843, and afterwards on the twelfth day of October, 1843,
the transcript from the records of the county court of La-
fayette county, Missouri, of said will and the proofs thereof
were recorded in the recorder's office of Saline county, Mis-
souri.

By this will the testatrix devised to her "daughter,
Sarah Frances Gorham," who was at the death of the testa-
trix, eight or nine years of age, "and her children," a negro
boy and girl, a watch, a bed and bedding, and the land in con-
troversy; the said will further providing as follows:    "And
if my said daughter, Sarah Frances, shall die without issue,
it is my will that all the property which I do hereby devise
to her, shall be equally divided after the death of the said
Sarah Frances, equally between my brothers and sisters,
including the children of my deceased sister, America
Chamblin, who shall be entitled with my brothers and sisters,
to one equal share of the whole amount."

It is insisted by plaintiff that this will vested in Sarah
Frances Gorham, an estate in fee simple, and that, as she
married Thomas L. Gorham, and by him had a daughter,
Sarah Frances, who afterwards married Archer, upon the
death of Sarah Frances Gorham, Thomas L. Gorham took
an estate by the curtesy, and that, as he died within ten
years prior to the institution of the suit, plaintiff's action was
not barred by limitation.

On the other hand, the defendants maintain that the
estate devised to Sarah Frances Gorham was a life estate
only, with remainder to her children, and in event of Sarah

Frances' failure of issue, to the brothers and sisters of the testatrix. That, therefore, Thomas L. Gorham had no curtesy, and, if the evidence shows that Sarah Frances Gorham died leaving a child, Sarah Frances, she became entitled to the posession of the land, and from the time defendant took possession of the land in 1870, and certainly from the time of the conveyance from the Archers to Henry T. Fort, in 1876, the statute of limitations began to run, and that the defendant has a good title to the land by adverse possession for more than ten years, and plaintiff's right of action is barred.

Plaintiff asked declarations of law presenting his theory of the case, all of which were refused.

It is first insisted by plaintiff that Thomas L. Gorham only had a life estate in the land by curtesy, by reason of his marriage with Sarah F. Gorham, and as defendants derive title from him, and plaintiff from her, by and through her daughter and only heir at law, Sarah Frances Archer, and husband, that not until the death of Thomas L. Gorham in 1891, did the statute of limitations begin to run against him.

Defendant contends that the evidence was not sufficient to show that Sarah Frances Archer ever acquired title by descent or otherwise from Martha Ann Frances Gorham, who intermarried with one Hillman.

1.   If plaintiff's contention as to the facts be borne out by the testimony, there can be no question as to the correctness of the legal proposition contended for by him, for it is well settled in this State that the possession of a life tenant is not, and can not be, adverse to the remainderman. [Sutton v. Casseleggi, 77 Mo. 397; Dyer v. Wittler, 89 Mo. 81; Rumsey v. Otis, 133 Mo. 85.]

2.   For the purpose of showing that Henry T. Fort acquired the legal title to the land by virtue of the deed to him from Sarah Frances Archer and husband, of date

August 30, 1876, plaintiff read in evidence the depositions of Annie E. Fort, Fannie Hammett and Henry T. Fort, tending to show that Sarah Frances Archer was the daughter of Sarah Frances Gorham, and that Sarah Frances Gorham was the daughter of Martha Ann Frances Hillman, and that she derived title through her mother from Martha Ann Frances Hillman, and that Sarah Frances Gorham was the only heir at law of said Martha Hillman, and Sarah Frances married Thomas L. Gorham, and died shortly after her marriage, leaving Mrs. Archer her only heir at law, and her husband, Thomas L. Gorham, surviving her.

At the time of taking the depositions Mrs. Hammett was forty-four years of age, and Henry T. Fort thirty-eight years of age. According to Mrs. Fort's testimony, Mrs. Archer's mother had then been dead over forty years, so that Mrs. Archer must have been over forty years of age at that time. She also stated that she did not know when or where Sarah Frances Gorham, wife of Thomas L. Gorham, died; that she died a good many years ago when she, witness, was a very few years old. She testified, further, that Martha Ann Frances Hillman, died when witness was a child. With respect to Sarah Frances Gorham, she testified that she did not know in what county she was married or when or where she died.

It is apparent from the testimony of these witnesses that neither one of them knew anything of their personal knowledge about Martha Ann Frances Hillman, whether or not she left any children, if so how many or who they were, or of the marriage or death of Sarah Frances Gorham.

There were facts to which these witnesses did not pretend to testify as being of general repute in the family, nor as being obtained from the declarations of deceased relations or other persons, and as they did not know them of their own personal knowledge, they were but

VOL. 147 mo—39

hearsay.    It seems impossible that Mrs. Fort could testify
to facts within her own knowledge which occurred when she
was not more than four years old, and John T. Fort to facts
that occurred before his birth.

These same witnesses, testified that Thomas L. Gorham
had been dead about two years, but neither one of them
appears to have known anything in regard to his death of
their own personal knowledge.    So that, in that respect this
testimony, not dissimilar from that of Mrs. Fort and Mrs.
Hammett in regard to other matters already passed upon,
is mere hearsay, and does not prove anything.

3.    It is next claimed that the court erred in admitting
in evidence over the objections of plaintiff the transcript of
the record of the Lafayette county court of the alleged will
of Martha Ann Frances Hillman, because the transcript con-
tains no copy of any order of said court admitting the will
to probate, or any order of the court approving the action
of the clerk in vacation in taking the proof of said will, and
because the will was never probated.

The transcript of the record contains a copy of the will
and a copy of the evidence taken when the original will was
exhibited for proof, which shows that it was recorded by the
clerk, two months and five days after the proof was taken.

It was held by this court in Barnard v. Bateman, 76
Mo. 414, that a will proved before the clerk in vacation and
recorded, but the probate of which the probate court had
failed to confirm, was not admissible in evidence.    The same
rule is announced in Smith v. Estes, 72 Mo.312; and in the
recent case of Snuffer v. Howerton, 124 Mo. 637.    See, also,
R. S. 1835, title Wills, sec. 9, p. 618.    That this is the general
rule is indisputable, but like all other rules of like character
there must be exceptions thereto.

Defendants contend that owing to the fact that the
transcript of the record of the Lafayette county court read
in evidence by defendant, contains a copy of the will and a

copy of the evidence when the original will was exhibited for proof on the seventh day of July, 1843, and also shows that it was recorded in the proper office on the twelfth day of September, 1843, that the presumption must be indulged that the probate of the will by the clerk was thereafter confirmed by the court.

By section 14, of "an act respecting wills," Revised Statutes, 1835, page 618, it is provided that all wills shall be recorded by the clerk of the county court in a book kept for that purpose, within thirty days after probate, which implies that a will under that section of the statute was not entitled to record and could not be recorded until after it was probated.

It was not recorded until about sixty-five days after the proofs were taken. It was more than half a century from that time up to the time of the trial of this cause, and under these circumstances it does seem to us that it should be presumed that in the interim between the time it was exhibited for proof and the time it was recorded, the court made an order confirming the probate of the will. Moreover, unless this presumption be indulged the clerk violated his duty in recording the will before probated, while the presumption is that he did his duty, thus affording another reason for the presumption that the court made an order confirming the probate of the will.

In Creasy v. Alverson, 43 Mo. 20, in speaking of the record of a will, it was said: "Having been recorded in the manner required by law, with the proof of its execution indorsed upon it, and certified by the clerk, the circuit court may very well have inferred that the act necessary to be performed previous to its being placed on record, had been performed, although no certificate of such fact was attached to the copy produced in evidence."

In Seward v. Didier, 16 Neb. 58, the record of the probate court showed a license to a guardian to sell the real

estate of his ward, a sale and confirmation thereof, and the execution of a deed to the purchaser, and it was ruled that it would be presumed twenty-two years afterwards, in an action by the ward to recover the land, that the necessary steps were taken to procure the issuing of the license. The court observed: "The law will presume official acts of public officers to have been rightly done unless the circumstances of the case overturn this presumption; and acts done which presuppose the existence of other acts to make them legally operative are presumptive proof of the latter."

In the case at bar the act of recording the will presupposes that the probate of the will by the clerk was thereafter confirmed by the court. [Coombs v. Lane, 4 Ohio St. 112, Ward v. Barrows, 2 Ohio St. 241.]

In Long v. Joplin Mining & Smelting Co., 68 Mo. 430, it is said: "The principle is a familiar one, that if you prove the existence of one fact, that another, its usual concomitant in the ordinary course of business will be presumed." [Citing, 1 Greenlf. Ev. (15 Ed.), sec. 40, and cases cited, and Bank v. Daudridge, 12 Wheat. 64.]

No objection seems to have been made in the court below to the introduction of the certified copy of the will upon the ground that the loss or destruction of the original had not been accounted for, and the question can not be raised for the first time in this court.

Therefore, the objection to the admission in evidence of the transcript of the record of the will was not well taken. Moreover the will and proofs were recorded in the recorder's office of Saline county on the twelfth day of October, 1843, more than fifty years before this case was tried in June, 1895, and the record imparted notice to all persons. [R. S. 1889, secs. 4864, 4865, 8898; Totten v. James, 55 Mo. 496; Creasy v. Alverson, 43 Mo. 13; Brown v. Oldham, 123 Mo. 621.]

Nor was any objection made to the will because of want of capacity to make it, the testatrix being a married woman at the time.    The power to do so was conferred upon her by the marriage contract and seems to be conceded.

5.    The rule is well settled in this State that a will should be so construed as to carry out the intention of the testator to be gathered from the whole instrument, but if from the provisions of the will the intention of the testator be doubtful or uncertain then the surrounding circumstances may be considered in arriving at the intention of the maker. [McMillan v. Farrow, 141 Mo. 55, and authorities cited.]

At the time of the execution of the will and of the death of the testatrix she only had one child, the devisee therein named Sarah Frances Gorham, who was at the time of her mother's death about eight or nine years of age, and by the provisions of her will she says:    "I will and bequeath to my daughter, Sarah Frances Gorham and her children . . . all my landed estate lying and being situate in the county of Saline, and State of Missouri, amounting to two hundred acres . . . And if my said daughter, Sarah Frances shall die without issue, it is my will that all the property, which I do hereby devise to her, shall be equally divided after the death of the said Sarah Frances, equally between my brothers and sisters, including the children of my deceased sister, America Chamblin, who shall be entitled with my brothers and sisters, to one equal share of the whole amount."

Now it seems to us to be perfectly clear that the testatrix intended to give to her daughter and her children, if any she had, a fee simple estate in the land, and that only in the event of the death of her daughter without issue, did she intend otherwise.    The limitation over in the event of the death of her daughter without issue, may be accounted for on the ground of the age of the daughter at the time of the

execution of the will, who was not so likely to live to have issue as one of more mature years, and can not be construed as meaning thereby that she intended to give her only a life estate. This position finds support in the codicil to the will in which the testatrix says: "I Martha Ann Frances Hillman have by last will and testament given and bequeathed to my daughter Sarah Frances Gorham a certain tract of land, etc."

Moreover by section 2, Revised Statutes 1835, page 118, under the head of "conveyances" it is provided that "every conveyance of any real estate hereafter executed, shall pass all the estate of the grantor, unless the intent to pass a less estate shall appear by express terms, or be necessarily implied in the terms of the grant." It can not be said from anything that appears in the will and codicil that an intention of the testatrix existed at the time of their execution to devise a less estate than the fee, nor can any such intent be implied from the use of the word "children," for as used in the will it is not a word of purchase, but of limitation.

In Waddell v. Waddell, 99 Mo. 345, it is said: "The words, 'children and heirs at law,' as used in the deed must be construed as constituting a class, and, when this is the case, the estate in remainder will vest in those who were living at the time of the execution and delivery of the deed, and will open and let in such of the same class as come *in esse* during the continuance of the particular estate; in which case all the authorities agree that the remainder is a vested one, equally as operative for the benefit of those *in esse,* as for those in being." [Citing 2 Wash. Real Prop. (5 Ed.), pp. 599, 600, 637; 4 Kent (13 Ed.), 203, notes 205, 206; Moore v. Weaver, 16 Gray 305; Gernet v. Lynn, 7 Casey, 94; Graham v. Houghtalin, 30 N. J. L. 552; Wolford v. Morgenthal, 91 Pa. St. 30; Wager v. Wager, 1 S. & R. 374.]

So that if Sarah Frances, the devisee had a child born
to her after the demise of the testatrix, when the will took
effect, such child took under the will just as if it had been
*in esse* at the time of its execution.

In Richardson v. Noyes, 2 Mass. 56, the testator devised
to his three sons all of his lands not otherwise disposed of,
and provided in the will that if either of the sons last named
should die without children, the survivor or survivors to hold
the interest or share of each, or any of them dying without
children, and it was held that an estate in fee simple passed
to them determinable on the contingency of their dying with-
out issue, and on that contingency vesting in the survivor
or survivors by way of executory devise.   The court said:

"It is obvious that the will in this case was written by
an unskilful person.   Technical accuracy and precision are
not therefore to be expected.   We are inquiring for the
intention of the testator; and it is clear from a view of the
whole instrument that he intended a complete disposal of
all the property he should leave behind.   And I have no
doubt that he intended his sons should take an estate of in-
heritance.   . . .   The fee was certainly intended to vest
in children or grandchildren.   Whether any of the latter
existed at the time the will was made or not we are igno-
rant.   But in either case no motive is suggested why the
testator should entertain a more favorable regard for his
grandchildren and make a better provision for them than
for his own children.   . . .   A devise to one, and if he die
without issue, remainder over is an estate tail, from the mani-
fest intention of the testator; so also a devise to one and if he
die without children remainder over, may be an estate tail.
Now with us all the children are heirs, and as this is a devise
to the three sons and their children or in effect heirs, it could
not be an estate for life only.   It was then intended to give an
estate of inheritance either in tail or in fee.   Was an estate
tail intended?   I think not."

It seems to us that there is no escape from the conclusion that by the will a fee simple estate to the land in question vested in Sarah Frances Gorham, and she having married Thomas L. Gorham, and by him had a daughter, Sarah Frances, who after married Archer, that upon the death of Sarah Frances Gorham, Thomas L. Gorham, took an estate by the curtesy in the land, and that the statute of limitations was not put in motion against the owners in fee until his death. For reasons stated, however, in the first paragraph of this opinion we affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.