JOEL HARLAN AND LUCIEN B. HUFF, ADMINISTRA-TORS OF GEORGE HARLAN, DECEASED v. LEWIS PECK et al. AND JAMES VANTINE et al., INTERVENORS.

PROBATE SALES OF REAL PROPERTY—LIMITATION OF ACTIONS.—The sales mentioned in the one hundred and ninetieth section of the Probate Act, which reads as follows : " No action for the recovery of any real estate sold by an executor or administrator, under the provisions of this Chapter, shall be maintained by any heir or other person claiming under the deceased testator or intestate, unless it be commenced within three years next after the sale,"—include and comprise all sales, whether valid, voidable, or void, made under orders made by Probate Courts, of real estate belonging to persons who have died since the passage of the Probate Act.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action for the possession of portions of Fifty Vara Lots Numbers Two Hundred and Ninety and Two Hundred and Ninety-One, situate in the City and County of San Francisco. The plaintiffs sue in the representative capacity of administrators of the estate of George Harlan, deceased, who was seized in fee of the demanded premises at the time of his death, which occurred July 8th, 1850, deceased then being a resident of that portion of Santa Clara County which in 1855 was incorporated into Alameda County. On the 19th day of August, 1850, Henry C. Smith was duly appointed and qualified as administrator of said deceased. Plaintiffs were appointed administrators on the 12th day of May, 1864, by the Probate Court of Santa Clara County.

The defendants set up in their answer and offered to prove that said Henry C. Smith, as such administrator, petitioned said Probate Court for authority to sell the demanded premises; that in fact, on August 13th, 1853, an order was made authorizing said Smith to sell; that he did in fact sell the demanded premises, at which sale defendants and their grantors became purchasers for the total sum of nineteen thousand five hundred and forty dollars, which was paid to and received by said Smith as administrator, he, in consideration thereof, and in pursuance of an order confirming the sale, executing conveyances in due form of law sufficient to convey the demanded premises, provided he had been legally empowered by said Probate Court to make such sale. The purchasers, immediately upon the execution of such deeds, entered into the exclusive possession of the demanded premises, claiming under said administrator's deeds; and they and defendants, their grantees, have exclusively occupied and possessed, ever since claiming to be owners.

The Court below held that the sale at which the defendants and their grantors purchased was void, because the petition on which it was founded did not state the necessary jurisdictional facts, and rejected the evidence offered to prove

such sale, payment of purchase .money, conveyance and adverse possession.

The defendants pleaded and relied upon section one hundred and ninety of the Act of May 1st, 1851, to regulate the settlement of the estates of deceased persons, as a bar to the action.

James Vantine and others, in the· Court below, were permitted as intervenors to claim portions of the demanded premises, as against both parties. Said intervenors claimed as the heirs at law of George Harlan, deceased.

The plaintiffs had judgment, and defendants and intervenors appealed.

*Patterson, Wallace & Stow,* for Appellants.

The District Court should have admitted in evidence the conveyances of the demanded premises by Smith, as administrator, and the *de facto* sale on which the same was founded, and after admitting the same, should have held the plaintiffs barred from maintaining the action by section one hundred and ninety of Chapter one hundred and twenty-four of the laws of 1851. Said section was a part of the Act of 1850, (Laws of 1850, p. 393, Sec. 191,) and may be said to have been in force from prior to the death of the intestate to the present time, and to have been the law at the time the sale was made.

That plaintiffs claim under Geo. Harlan, deceased, needs no argument to prove.

That this statute was in the power of the Legislature to enact, and that it is constitutional, is maintained by the following authorities: 6 How. U. S. 331; 5 Peters, 537; 13 Peters, 312; 6 How. 61, 62; 4 Wheaton, 206; 12 Peters, 33; 5 Peters, 151, 402–41; 1 How. 51; 8 Peters, 361.

The sale in question and the conveyances by Smith, as administrator, were not so utterly void as to be incapable of ratification, expressly by some act of the heirs, or impliedly by acquiesence and lapse of time. (1 Duval, Ky., 352;

*Anderson* v. *Roberts*, 18 Johns. 528, cited with approbation in *Boyd* v. *Blankman*, 29 Cal. 35 ; *Terrill* v. *Anchaur*, 14 Ohio State R. 80.)

Possession, under such deeds, sets the statute running at the first moment after such possession commenced. The possession was adverse both to the estate and the heirs, and was under color of title. "An adverse possession for the time limited, under a claim or color of title merely void, is a bar to a recovery under an elder title by deed, although the adverse holder may have had notice of the deed." (*Ewing* v. *Burnett*, 8 Peters, 341 ; *La Frambois* v. *Jackson*, 8 Cowen, 589 ; *Whiteside* v. *Singleton*, 1 Meiggs, Tenn., 207 ; Angell on Limitations, Secs. 404, 405 ; *McCracken* v. *City of San Francisco*, 16 Cal. 632.)

The Court below held that section one hundred and ninety, before cited, did not apply to a sale made under an order of the Probate Court, unless the order was founded upon a proper petition, and therefore valid. The answer to that view readily suggests itself. If the order was valid, no subsequent irregularity would avoid the sale; and hence there would be no necessity of purchasers invoking the aid of a Statute of Limitations.

*Clarke & Carpentier*, for Respondents.

As to the defence under section one hundred and ninety of the Probate Act, which section limits the right of action in certain cases ; according to the plain intent and meaning of the language used in this section, it is not every estate sold by an administrator or executor that is to be affected by this section, but such estates only as are sold "under [in accordance with] the provisions of this Chapter," (Chap. VII of Probate Act.) The words "under the provisions of this Chapter," are restrictive, and cannot be disregarded without doing violence to the plainly expressed intention of the Legislature. When a sale of real estate under proceedings of the Probate Court is *void for want of jurisdiction*, the limita-

tion prescribed by section one hundred and ninety, within which an action may be brought for the recovery thereof, does not apply. (*Miller* v. *Miller*, 10 Texas, 333 ; *Gregory* v. *Tabor*, 19 Cal. 410.)

But again : section one hundred and ninety is a statute of limitation, and since laws *pari materia* must be construed with reference to each other, this section must be considered in connection with our other statutes upon that subject. The property in this case is claimed by plaintiffs under grant from the Mexican Government, and though the title has been confirmed, no final survey has been made or patent issued. And as to property so claimed, the claimant is by the provisions of section six of the Statute of Limitations given five years after the issuance of the patent, in which to commence his action. (Statutes of 1863, p. 327 ; *Johnson* v. *Vandycke*, 20 Cal. 228 ; *Richardson* v. *Williamson*, 24 Cal. 289 ; *Davis* v. *Davis*, 26 Cal. 45.)

*Drake & Hent,* for Intervenors.

In the Court below plaintiffs had judgment, and both the defendants and intervenors have appealed therefrom, making the *sixth* time that the matters pertaining to said estate have appeared in this Court for judicial consideration : *Haynes* v. *Meeks*, 10 Cal. 110 ; *Haynes* v. *Meeks*, 20 Cal. 288 ; *Meeks* v. *Hahn*, 20 Cal. 620 ; *Estate of Harlan*, 24 Cal. 182 ; *People* v. *Senter*, 28 Cal. 502. From a review of those cases, it seems safe to say that this Court has settled as *res adjudicata* the following propositions : First, That George Harlan died intestate in August, 1850, in Santa Clara County, and that the Probate Court of that county had jurisdiction over his estate. (*Estate of Harlan*, 24 Cal. 182 ; *People* v. *Senter*, 28 Cal. 502.) Second, That Henry C. Smith was administrator of said estate. (*Haynes* v. *Meeks*, 10 Cal. 110 ; *Haynes* v. *Meeks*, 20 Cal. 288 ; *Meeks* v. *Hahn*, 20 Cal. 620.) Third, That said Smith's sale of the premises made by him as administrator in 1853, was by reason of irregularities in his

petition to the Probate Court, wholly null and void. (*Meeks* v. *Hahn*, 20 Cal. 620, and authorities therein cited.) Fourth, That neither the heirs nor their vendees could maintain ejectment while said Smith remained in office as administrator. (*Meeks* v. *Hahn*, 20 Cal. 620.) These principles, having been judicially determined by this Court, have doubtless become the law of the case. (*Davidson* v. *Dallas*, 15 Cal. 75; *Phelan* v. *San Francisco*, 20 Cal. 39; *Haynes* v. *Meeks*, 20 Cal. 288; *Hihn* v. *Courtis*, 31 Cal. 398.)

The intervenors accept the situation as the same has been made by the Court in the several cases above referred to, and base their right of recovery as against the plaintiffs on the grounds that this property has already been administered upon by Smith, who has been duly discharged as administrator, and that there is neither law nor precedent for keeping the heirs out of the possession of their property for the purpose of going through the farce of a *second* administration simply for the purposes of distribution, when the same is *already vested* in fee simple absolute in owners well known, fully ascertained, and settled as to persons, names, shares, and estates. (*Cochrane* v. *Thompson*, 18 Texas, 652; *Hart* v. *Robertson*, 21 Cal. 346.)

By the Court, SANDERSON, J.:

The language of the one hundred and ninetieth section of the Probate Act is as follows:

"No action.for the recovery of any real estate sold by an executor or administrator under the provisions of this Chapter shall be maintained by any heir or other person claiming under the deceased testator or intestate, unless it be commenced within three years next after the sale."

Whether this language embraces sales which are made under orders of the Probate Courts which are void for the want of jurisdiction or only such sales as are merely voidable, is the question.

There is nothing in the policy or language of the statute

which excludes void sales from its operation.   The policy of
the statute is to quiet titles to real estate sold by order of the
Probate Courts, and in view of that policy, merely, there can
be no distinction between sales which may be termed void
for the want of jurisdiction, and those which are voidable
only.   Nor is there anything in the language of the statute
which creates such a distinction.   The claim that such a dis-
tinction is created by the phrase "under the provisions of
this Chapter" cannot be sustained.   To so hold would be to
nullify the statute, for if, as suggested, we read the phrase as
meaning "*according* to the provisions of this Chapter," the
limitation would be confined to "sales made according to
the provisions of this Chapter," that is to say, to sales in all
respects valid, as to which, for obvious reasons, there can be
no occasion for a Statute of Limitations.   To the phrase in
question there is added no qualification, and hence if it
restricts the limitation at all it excludes all sales which are
not "according to the provisions of this Chapter," which
includes voidable as well as void sales.   So the defendant in
every case would be compelled to allege and prove a valid
sale before he could invoke the protection of the statute;
or, in other words, he must show that he stands in no need
of protection in order to obtain protection.   (*Holmes* v. *Beal*,
9 Cushing, 227; *Scott* v. *Hickox*, 7 Ohio State R. 90.)   We
think the statute applies to all sales, void as well as voidable,
made by Probate Courts, of real estate belonging to persons
who have died since the passage of the Probate Act.

Under the foregoing view, it becomes unnecessary to con-
sider the other questions involved in the case, or the case
made by the intervenors.

Judgment reversed and a new trial granted.

Neither Mr. Justice SHAFTER nor Mr. Justice RHODES
expressed an opinion.