## Case No. 9,592.

### MILLER v. SULLIVAN.

[4 Dill. 340; 5 Reporter, 328; 5 Cent. Law J. 460; 26 Pittsb. Leg. J. 16.] [1]

Circuit Court, D. Nebraska. Nov., 1877.

GUARDIAN AND WARD—NEBRASKA—SPECIAL STATUTE OF LIMITATIONS—GUARDIAN'S SALES.

1. The legislation of the state of Nebraska, as respects sales of real estate by guardians, considered, and the principles of Grignon's Lessee v. Astor, 2 How. [43 U. S.] 319, adopted and applied.

2. The special five years statute of limitations for the protection of the rights of a purchaser of land at a guardian's sale, is available to the holder of the title thus acquired, even though the sale by the guardian might not be good if it had been attacked within the five years.

[Cited in Seward v. Didier, 16 Neb. 64, 20 N. W. 12.]

There is no controversy over the chain of title of the plaintiff [Mary F. Miller], it being from the United States to Touisant Kensellur—a half-breed Indian—from him to William Miller, and from Miller to the plaintiff. The title of the defendant [Julia Sullivan] is one acquired by virtue of proceedings had in the probate court of Richardson county, Nebraska, upon application of the guardian of the patentee, who was a minor. The material questions in the case relate to the validity of the guardian's sale of the land, and the effect of the five years statute of limitations in respect of such sales. The records of the probate court, at and before the time when the sale was made by the guardian, were loosely and imperfectly kept. The then probate judge testifies that the county furnished him no record books, and he kept the appointments, orders, and proceedings in his court on sheets, put away in envelopes. The original appointment of the guardian, and that he took the oath required by law, appear on the files of the probate court, and by recitals in the license of Febru-

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 26 Pittsb. Leg. J. 16, contains only a partial report.]

ary 10th, 1862. The bond required of a guardian on his appointment, was given and approved, and is still extant, and is substantially in the form required by law. The petition of the guardian, in 1864, to sell the land now in controversy, duly sworn to, and containing all the essential requirements of the statute, is still on the files of the probate court. A bond of the guardian, not dated, and not appearing to be approved, reciting the license to sell, is also on the files of that court. No report of sale, under the petition and license of 1864, is on file in the probate court. The then probate judge testified that the bond was approved; that the sale by the guardian was reported to and approved by him, and that the land sold for its full value. The guardian's deed, dated January 10th, 1865, recites a sale of the land in controversy, September 5th, 1864, after notice in a public newspaper. The guardian was the father of the ward. No notice of the application of the guardian for license to sell was served upon the father, he being the guardian and next of kin, or on the minor, nor upon any other person; but the aunts of the minor, who seem to have been supposed to be his next of kin, or part of his next of kin, were of age, and authorized an attorney to appear for them, and he did so appear in the probate court, and "waived notice to bring in the next of kin." The statute then in force on the subject of guardian sales (section 7), required "that, upon the presentation of this petition (to sell), the court shall thereupon make an order, directing the next of kin of the ward, and all persons interested in the estate, to appear," etc. Section 8 provided: "A copy of such order shall be personally served on the next of kin of such ward, and all persons interested in the estate. * * *" In section 42 of the succeeding chapter, the legislature uses this language: "All those who are next of kin, and heirs, apparent or presumptive, of the ward, shall be considered as interested in the estate." When personal notice of the time and place is required to be given, they (the next of kin and heirs apparent) shall be notified as persons interested, according to the provisions respecting similar sales by executors and administrators, which provisions are that it must be personally, by publication, or assented to in writing, by "all persons interested in the estate." Section 23 of the guardian's act under consideration, provides that the sale shall not be avoided on account of irregularity in the proceedings: provided, it shall appear (I) that a guardian was licensed to make the sale by a probate judge of competent jurisdiction; (2) that he gave bond; (3) that he took the oath; (4) that he gave notice of the time and place of sale, as prescribed by law; (5) that the premises were sold, accordingly, at public auction, and are held by one who purchased in good faith. The statute of Nebraska also provides: "No action for the recovery of any real estate sold by a guardian * * * shall be maintained by the ward, or by any person claiming under him, unless it be commenced within five years after the termination of the guardianship, excepting," etc. Territorial Laws Neb. 1861, p. 68, § 22; Gen. St. Neb.· p. 287, § 63. The land in question was purchased at the guardian's sale in good faith, and the defendant and those under whom he claims have been in actual possession of it ever since. It was unimproved when sold by the guardian, and has been improved by the purchaser from the guardian. This suit was not brought within five years after the minor attained his majority, which, of course, terminated his guardianship. A jury was waived, and the cause was submitted to the court upon evidence which showed the foregoing facts.

Mr. Ambrose, for plaintiff.

Mr. Manderson and Mr. Martin, for defendant.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. This case presents questions of great importance. I have considered them deliberately, but shall dispose of them briefly.

The statute of Nebraska did not require notice of the application of the guardian for license to sell to be served upon the minor or ward, but only "on the next of kin, and all persons interested in the estate."

If we consider as proved the facts testified to by the probate judge in connection with what is shown by the records of the probate court, the most serious defect alleged to exist in the sale arises out of the want of service of notice upon the next of kin and others interested in the estate. The guardian was duly appointed, took the required oath, gave bond, filed a petition to sell; the aunts of the minor authorized an attorney to appear for them and waive notice, which he did; a license to sell was granted, a bond was given and approved, and a sale was made in good faith and confirmed, and a guardian's deed executed and possession taken under the sale, and maintained ever since.

Guided by the views of the supreme court of the United States, I doubt very much whether, under the Nebraska statute, the application of a guardian for a license to sell should be regarded as an adversary proceeding as against the "next of kin and all persons interested in the estate" of the ward. Grignon's Lessee v. Astor, 2 How. [43 U. S.] 319; Thompson v. Tolmie, 2 Pet. [27 U. S.] 157; Cooper v. Reynolds, 10 Wall. [77 U. S.] 303; Good v. Norley, 28 Iowa, 188, and cases cited on page 208. The supreme court of Nebraska has never held otherwise upon this statute. But whatever may be the true view on this point, I am of the opinion that the five years limitation provided by the statute

of Nebraska, in respect of sales by guardians, will protect the sale in question. The sale was made by a guardian duly appointed, and who duly qualified; a petition for a sale was presented and granted; a bond was given; the sale was made at public auction after the prescribed notice had been published. If the father was the next of kin, he of course had notice, being the guardian, and the aunts of the minor authorized an attorney to appear for them, and he did so appear and waive notice. Possession was taken under the sale, and more than five years elapsed after the minor attained his majority before this suit was brought. I am of opinion that the five years limitation statute applies to such a sale and protects the purchaser.

Such a purchaser can avail himself of the bar afforded by the statute, without showing a sale which would have been valid if it had been attacked within the five years. Holmes v. Beal, 9 Cush. 223; Norton v. Norton, 5 Cush. 524; Arnold v. Sabin, 1 Cush. 525; Wilkinson v. Leland, 2 Pet. [27 U. S.] 627; Howard v. Moore, 2 Mich. 226; Coon v. Fry, 6 Mich. 506; Pursley v. Hayes, 22 Iowa, 35; Good v. Norley, 28 Iowa, 188; Boyles v. Boyles, 37 Iowa, 592; Dolton v. Nelson [Case No. 3,976].

I stand by my opinion in Good v. Norley, 28 Iowa, 188, 206. The case might be different—I do not say it would be—if no possession had been taken and maintained under the purchase for more than five years after the termination of the guardianship. It might be different if one had assumed to make a sale as guardian, who had never been appointed guardian or licensed to make the sale. But we need not consider such supposed cases.

Upon the actual case before us, we think the statutory bar is effectual, and that the defendant is entitled to judgment. This is a wise statute, doubly wise in a new country, for reasons which fully appear in this case. It would be robbed of its virtue if it was confined to cases where the sale was valid, for such sales do not need the protection of such a statute. "They that are whole need no physician." Judgment for the defendant.