[No. 19029.   Department Two. — March 18, 1893.]

EDWARD DOUGHERTY ET AL., ADMINISTRATORS, ETC.,
RESPONDENTS, *v.* MARY G. MILES ET AL., APPEL-
LANTS.

ESTATES OF DECEDENTS — PROBATE SALE — DISTRIBUTION OF ESTATE TO HEIR
— ADVERSE POSSESSION — PRESCRIPTIVE TITLE. — Where the purchaser
at a probate sale never took possession of the purchased premises, and
an heir of the decedent, representing all the title cast by inheritance,
entered upon the land while unoccupied, made improvements thereon,
and for nearly twenty years was in actual possession of part of the land,
claiming the whole, and, six years after his entry upon the land, obtained
a final decree of distribution of the estate of the decedent, distributing
the whole of the land to him, and paid all taxes thereon from a date
prior to such distribution, without any protest, interference, or inter-
ruption of possession by the purchaser at the probate sale or his repre-
sentatives, his adverse possession extended to the boundaries held by
the ancestor and described in the decree of distribution.

ID. — QUIETING TITLE — DESCRIPTION OF LAND — EVIDENCE — MAP OF
PREMISES — IMMATERIAL RULING. — In an action brought by such heir
to quiet his title to the distributed premises as against the representa-
tives of the purchaser at the probate sale, where the complaint describes
the premises by metes and bounds, and there is no question as to the
identity of the land distributed with that sold under the probate order,
the refusal to admit in evidence a map referred to in the complaint,
when offered by the defendants, in so far as it was offered for the pur-
pose of identifying the land sold under the probate order, though ad-
mitted for all other purposes, is immaterial.

APPEAL from a judgment of the Superior Court of San
Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Works, Gibson & Titus,* and *S. W. & E. B. Holladay,*
for Appellants.

*McNealy, Trippet & Neale,* and *Leovy & Humes,* for
Respondents.

McFARLAND, J. — This is an action to quiet title to
a certain tract of land described in the complaint by
metes and bounds, and generally called the Hayes
ranch. Judgment went for plaintiffs, and defendants
appeal from the judgment, and from an order denying

a new trial. The action was commenced by Edward Hayes, who died during its pendency; and it was prosecuted to judgment by his administrators.

Both parties claim through John Hayes, who died intestate, and siezed of the land in contest, on May 20, 1857. His next of kin and only heirs were two brothers, Edward (who commenced this action) and Robert Hayes, and Edward acquired the title and interest of Robert in the estate. At the time of the death of John, the two surviving brothers, Edward and Robert, lived in New Brunswick. A few days after the death of said John Hayes, one Gitchell was appointed special administrator of his estate, and sold the personal property for $696.41. Afterwards, he applied for letters of general administration; and on August 3, 1857, the probate court made an order that such letters issue to him upon his giving a bond in a certain named sum. There is no evidence that he ever gave any bond, or that said general letters were ever issued to him. Neither is there any evidence that he ever made application to sell the real property of the estate, other than the recital of the court hereinafter mentioned. No bond or letters of administration or application to sell said property were among the papers on file, nor was there any evidence that either of them was ever in existence. But on November 23, 1857, the court made an order that the said real property be sold; and the order recited that there had been due publication of an application for such sale, and declared that the sale of the real property of the estate was necessary. Gitchell returned that pursuant to said order he had sold the Hayes ranch to George R. Ringgold for $975. On December 28, 1857, the court approved the sale to Ringgold. On August 27, 1858, Gitchell made a deed of the Hayes ranch to Lucius B. Northrop, which recited that *Northrop* was the bidder at the sale. Afterwards, on January 14, 1859, Northrop made a conveyance of said ranch to said George R. Ringgold. Defendants and appellants claim title through the above proceedings, as heirs and representatives of said Ring-

gold, who died before the commencement of this action.
Neither Ringgold nor either of the defendants, nor any
grantee or representative of Ringgold, was ever in pos-
session of any part of the land.   About 1860, Edward
Hayes came to California to look after the estate.   He
found that Gitchell had sold, or attempted to sell, all
the property; and upon demand for settlement, Gitchell
paid him $173, and no more.   Edward then sued him,
averring that he was administrator (whether special or
general not stated), and that he had fraudulently, and
without authority of law, sold all the property, real and
personal, and appropriated the proceeds to his own use.
Gitchell answered, denying that he was general admin-
istrator, and also denying some of the other averments.
Judgment was rendered against Gitchell for something
over three thousand dollars; and the court having found
fraud, he was imprisoned, but was released because Ed-
ward did not advance the cost of imprisonment.   No
part of the judgment was paid.

We have briefly recited the foregoing facts because
they seem to be necessary to an understanding of the
case; but we do not deem it necessary to determine the
many questions discussed by counsel as to the validity
of the probate sale : whether Edward was estopped by
his judgment against Gitchell; what should be presumed
from the recitals of the order of sale and from the lapse
of a long period of time; whether the sale authorized a
deed to Northrop; the effect of the discharge of Gitchell
from imprisonment, etc.   Waiving all of these ques-
tions, we will assume, for the purposes of this decision,
that the sale could not be attacked after three years
from its date, under section 90 of the Probate Act.
(Wood's Digest, 410; *Harlan* v. *Peck*, 33 Cal. 515;
91 Am. Dec. 653; *Reed* v. *Ring*, 93 Cal. 108.)   But we
think it clear that, as found by the court, Edward Hayes,
at the time of the commencement of the action, had ac-
quired a title to the land in contest by prescription.

As before stated, the alleged probate sale was made in
1857, and neither Ringgold nor any of his successors

ever took possession of any part of the land in contest, although thirty years elapsed before the commencement of this action, and although Edward Hayes, for nearly twenty years of the time, was in the actual possession of part of the land, and claiming the whole. The land being unoccupied, Edward entered upon it in 1870, and inclosed and cultivated about five acres, and built a small house and lived in it, claiming the whole tract. In 1872 he filed a petition for letters of administration of the estate of John Hayes, in which he stated that Gitchell had died, leaving the estate finally unadministered. He was regularly appointed general administrator, and duly qualified as such; and such proceedings were regularly had that in 1876 the administration was closed, and there was a final decree of distribution distributing the land to said Edward. After 1876, for some years, he did not live personally on the land, but was represented by others. Afterwards, he made it his permanent home, and in 1886 or 1887 he built a new house on the land, costing about four thousand dollars, and lived in it until his death. He always claimed the whole tract, — which was well known as the Hayes ranch, or farm, — and paid all taxes on it from at least 1872; and no protest was made by any representative of Ringgold; there was no interference with Edward's possession, nor any attempt by any other person to take possession of any part of the ranch.

Upon the foregoing facts, we think that the adverse possession of Edward Hayes extended to the boundaries of the Hayes ranch as held by his ancestor, John Hayes, and described in the decree of distribution.

There is one alleged error in the ruling to be noticed. The complaint, after describing the land in contest by metes and bounds, has these words, " as per map made by Chas. H. Poole, July 5, 1853, and on file in the office of the trustees." Appellants offered this map in evidence, and respondents objected to it, so far as it was offered for the purpose of identifying the land sold by Gitchell as administrator, and of adding to or aiding in

the description of the land sought to be described in the order of sale under which Gitchell acted. The objection was sustained, but the map was "admitted for all other purposes." This ruling is entirely immaterial; for there was no real question about the identity of the ranch sold under the probate order. We assume that it was the tract of land described in the complaint, and which had been distributed to Edward Hayes. It was a piece of land well known since before the death of John Hayes as the "Hayes ranch." There was also an exception to a ruling about the testimony of the witness Dougherty, to which the foregoing remarks apply. We see no reason for disturbing the judgment.

Judgment and order affirmed.

FITZGERALD, J., and DE HAVEN, J., concurred.