## DODSON v. MIDDLETON et al.

No. 1210.   Opinion Filed September 22, 1913.

(135 Pac. 368.)

**LIMITATION OF ACTIONS—Recovery of Land—Void Guardian Sale.** Where the grantee went into possession of real estate immediately after the purchase thereof by him at a void guardian's sale, and such grantee and those claiming under him remain continuously in possession thereof thereafter, and where the action to recover said real estate is not brought by the minor or his guardian within five years after the recording of the deed, nor by the minor within two years after his legal disability is removed, an action by such minor for the recovery of said property is barred by sections 5547-5549, Comp. Laws 1909 (Rev. Laws 1910, secs. 4654-4656).

(Syllabus by the Court.)

*Error from District Court, Logan County;*
*S. H. Russell, Assigned Judge.*

Action by George H. Dodson against Hannah Middleton and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

There is but little, if any, controversy about the facts in this case. But the sole question of law presented by this appeal may be more intelligibly discussed by first making a brief statement of the facts:

Peter Middleton was, when he died in August, 1893, the owner of the southeast quarter of section 21, township 17 north, range 7 west, Logan county. He died intestate, leaving, among

other heirs, defendants in error, who each inherited an undivided one-fourth of said land. Said heirs are the children of the deceased, Peter Middleton. Defendant Hannah Middleton was sixteen years of age in December following her father's death, and Lydia Middleton was eleven years of age at that time. On December 30, 1898, the probate court of Logan county, on the application of Bettie McCord, an adult sister of said minor heirs, made an order appointing Bettie McCord guardian of the estate of said heirs, hereinafter referred to as defendants; and she, as guardian, executed the bond required by law and took out letters of guardianship as to both of said heirs. In December, 1899, said guardian filed her petition in the probate court of Logan county, praying for an order authorizing her to sell the interest of her said wards in the above-described tract of land. She alleged in her petition that she had been in the custody and control of said minors since their father's death, and that the proceeds of said lands were required for the support and maintenance of said wards. The probate court fixed a day for hearing upon her petition for order of sale; and, all persons in interest having filed their written consent to said sale, the court entered a decree on the date fixed, directing the guardian to sell the interest of the minor heirs in said land at private sale for cash to the highest bidder. The guardian executed the usual bond required by the statute, and also gave notice by publication of the proposed sale of said land; and on the 11th day of January, 1899, she sold the same pursuant to said order, to Anna B. Dodson, wife of plaintiff in error, for the sum of $300, she being the highest and best bidder. This sale, having been duly reported to the court for approval, was by the court approved and confirmed, and a conveyance ordered executed by the guardian. On the 16th day of January, 1899, Bettie McCord, guardian of defendants, executed a deed to Anna B. Dodson, conveying all the right, title, and interest in said tract of land, which deed was also approved by the court, and was filed for record in the office

of register of deeds of Logan county on the 21st day of January, 1899. Plaintiff in error had, prior to that time, pur-. chased the other one-half interest in said land; and thereafter Anna B. Dodson conveyed to plaintiff in error, her husband, the interest she had acquired in said land by virtue of the guardian's deed. On August 16, 1906, plaintiff in error, hereinafter called plaintiff, filed his petition in the court below against defendants, in which he alleged substantially the facts above set out, and alleged that he is now the owner in fee of said land and in actual possession thereof, and that defendants claim some estate or interest in said land adverse to his title. And thereupon he prays that they be required to appear and set up the interest they claim, and for decree quieting his title against them.

Defendants each appeared and filed their answer and cross-petition, in which, in addition to alleging their relationship to the deceased, Middleton, and their minority at the time of his death, allege that they were residents of Kingfisher county at the date of the guardianship proceedings in the probate court of Logan county, and that they had no notice, or knowledge of the appointment of their sister, Bettie Mc-Cord, as their guardian, or as to the sale of their interest in said land, and never received any proceeds from the sale thereof. They further allege plaintiff's possession of the land, and ask that they be declared tenants in common with him, and that they have a decree for partition and possession and for an accounting of the rents and profits thereon by plaintiff. Plaintiff replied by general denial, and alleged that the deed from Anna B. Dodson to him was executed on April 29, 1893, and that he had been in actual possession of the land ever since said date. He further alleged the recording of said deed to him from Anna B. Dodson on the 22d day of August, 1905, and that each of said defendants became of age soon after the recording of the guardian's deed, and that more than two years had elapsed since they became of age prior to the commencement of their action by cross-

petition, by reason whereof, he pleaded that their cause of action, if any, was barred by the statute of limitation. Other matters are alleged in his cross-petition, which are unnecessary to be stated here.

The trial court found that at the time the probate court of Logan county issued letters of guardianship and ordered the sale of the land by the guardian, said court was without jurisdiction, because defendants were then residents of Kingfisher county, and upon this ground rendered a judgment in favor of defendants for the relief prayed for in their cross-petition.

The facts established by the evidence are substantially the same as the foregoing allegations of the pleadings, except that it is shown by the evidence that more than five years had elapsed since the recording of the guardian's deed prior to the institution of defendants' action upon their cross-petition, and more than two years had elapsed after defendant Hannah Middleton had become of age, and prior to the institution of her action, but that less than two years had elapsed since the attainment of her majority by defendant Lydia Middleton prior to the bringing of her action.

*Burford & Burford*, for plaintiff in error.
*Devereux & Hildreth*, for defendants in error.

HAYES, C. J. (after stating the facts as above). Plaintiff's contention for reversal extends only to that portion of the judgment that affects Hannah Middleton, and presents the following questions of law only: Does the statute of limitation of this state run against a void guardian's deed? The case has been presented to this court upon the theory that the deed of the guardian was void, because at the time of the appointment of the guardian and the order of the guardian's sale the wards were not residents of the county of the court making the order. We shall decide the case upon the theory upon which it has been presented by plaintiff, and shall assume that the order of sale by the probate court was

void, for such reason; but we desire to be understood that in making such assumption, we do not here decide that an order of sale would be void for such reason, or that its validity for such reason could be questioned in this character of proceeding, but leave the question open for the future disposition of the court, when they are properly presented for consideration.

The statute of limitation governing this case may be found in the following sections of Comp. Laws 1909 (Rev. Laws 1910, secs. 4654-4656):

"Sec. 5547. Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued, but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation.

"Sec. 5548, Subd. 2. An action for the recovery of real property sold by executors, administrators or guardians, upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person; or the ward or his guardian, or any person claiming under any or either of them, by the title acquired after the date of the judgment or order, within five years after the date of the recording of the deed made in pursuance of the sale.

"Sec. 5549. Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed."

The disability of defendant Hannah Middleton had been removed for more than two years prior to the institution of her action; and, if a guardian's deed made in pursuance of a void judgment of a court ordering a sale is sufficient to bring into operation the foregoing statute of limitation, plaintiff's defense as to her is established, and the trial court, to that extent, committed error. Similar statutes are to be found in Kansas and California, in each of which jurisdictions it has been held that a void sale by an administrator or guardian is sufficient to set in operation the statute. *O'Keefe et al. v. Behrens et al.*, 73 Kan. 469, 85 Pac. 555, 8 L. R. A. (N. S.) 354, 9 Ann. Cas. 867; *Stewart et al. v. Rea*

*et al.,* 74 Kan. 868, 87 Pac. 1150; *Mowry v. Howard et al.,* 65 Kan. 862, 70 Pac. 863; *Harlan et al. v. Peck et al.,* 33 Cal. 515, 91 Am. Dec. 653; *Ganahl v. Soher,* 68 Cal. 95, 8 Pac. 650; *Reed v. Ring,* 93 Cal. 96, 28 Pac. 851.

There is a conflict among the authorities upon this question. most of which may be found collected in the note to *O'Keefe v. Behrens et al., supra,* 8 L. R. A. (N. S.) 354. Among the numerous cases supporting this doctrine are the following: *Morgan ,et al. v. Hazelhurst Lodge et al.,* 53 Miss. 665; *McMichael et al. v. Craig et al.,* 105 Ala. 382, 16 South. 883; *Griffin v. Dunn,* 79 Ark. 408, 96 S. W. 191; *Brown v. Maher et al.,* 68 Ind. 14; *White et al. v. Clawson et al.,* 79 Ind. 188; *Armstrong et al. v. Hufty,* 156 Ind. 606, 55 N. E. 443, 60 N. E. 1080; *Barton et al. v. Kimmerley,* 165 Ind. 609, 76 N. E. 250, 112 Am. St. Rep. 252; *Kammerer v. Morlock,* 125 Mich. 320, 84 N. W. 319; *Toll v. Wright,* 37 Mich. 93; *Miller v. Sullivan,* 4 Dill. 340, Fed. Cas. No. 9,592.

The reasoning upon which this doctrine is sustained is stated in *Harlan v. Peck, supra,* in the following language:

"There is nothing in the policy or language of the statute which excludes void sales from its operation. The policy of the statute is to quiet titles to real estate sold by order of the probate courts; and, in view of that policy merely, there can be no distinction between sales which may be termed void for the want of jurisdiction and those which are voidable only. Nor is there anything in the language of the statute which creates such a distinction. * * * [If the statute applies only to valid sales], the defendant in every case would be compelled to allege and prove a valid sale before he could invoke the protection of the statute; or, in other words, he must show that he stands in no need of protection in order to obtain protection. * * * We think the statute applies to all sales, void as well as voidable." ,

Similar reasoning is employed by Judge Cooley to sustain the same conclusion in *Toll v. Wright, supra.* The text-writers are not agreed as to where the weight of authority lies. The author of the note in *O'Keefe et al. v. Behrens et al.,*

*supra,* 8 L. R. A. (N. S.) 354, makes the following statement:

"There is a conflict of authority upon the question whether a purchaser of real property at a void judicial sale, where he enters into and holds possession thereof for the period of time prescribed by the statute of limitations, will be protected thereby. The weight of authority, however, is in accord with *O'Keefe v. Behrens,* holding that a purchaser in possession for the statutory period will be protected, even though the proceedings leading up to the sale, or the sale itself, is void."

The examination of the authorities we have been able to make leads us to the belief that the foregoing statement is correct. But, if we are mistaken in this view, we are impressed that this doctrine is supported by the sounder reason. For this reason, we are persuaded to adopt it and supply it in this case.

There is also an allegation of fraud in defendants' cross-petition, but this issue is not supported by any evidence.

The judgment of the trial court, in so far as it sustains the cross-petition of defendant Hannah Middleton, is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concur.