## WALKER v. HATCHER et al.

No. 13778—Opinion Filed Oct. 21, 1924.

**Limitation of Actions—Action by Ward to Recover Land Sold by Guardian Deed.**

Where the grantee under a guardian's deed, and those claiming under him, have been in continuous possession of real property since the purchase thereof at a guardian's sale, an action by the ward to recover the property, commenced more than 8 years after the guardian's deed was recorded, and more than 7 years after the termination of the guardianship, and more than 3 years after the ward had reached his majority, is barred by subdivision 2, section 183, and by section 1496, Comp. Stat. 1921, and it is not material whether the guardian's deed was valid, voidable, or void.

(Syllabus by Ray, C.)

Commissioners' Opinion. Division No. 1.

Error from District Court, Pontotoc County; B. H. Epperson. Special Judge.

Action by Oscar Walker against R. L. Rollins, Truman Platt, Miles Haynes, Eliza Haynes, J. H. Roberts, and R. E. Hatcher. Judgment for defendants, and plaintiff appeals. Affirmed.

B. C. & A. W. Wadlington, Aiden E. Allen, and J. B. Robertson, for plaintiff in error.

King & Crawford, Robert Wimbish, and W. C. Duncan, for defendants in error.

Opinion by RAY, C. In 1910, Oscar W. Walker, a minor, enrolled as a Choctaw by blood, under Roll No. 8546, quantum of blood. one-fourth, in consideration of a stock of goods, two mules, and a wagon, sold and conveyed his homestead allotment to R. L. Rollins. Thereafter, title was sought to be perfected in Rollins by the appointment of a guardian and the sale of the land by the guardian. Rollins reconveyed to the allottee and thereafter, by order of the county court, the guardian's deed was executed to Rollins. The proceedings in the guardian's sale in some way appearing to be irregular, Rollins and his wife reconveyed, and another sale was had in December, 1911, at which time Rollins bid $1,600 for the land. Irregularities appearing in the proceeding of the county court, the sale was set aside and the land again adver-

tised for sale by order of the county court. At that sale, held in April, 1912, Rollins again submitted a bid of $1,600, and the sale was approved, and on May 1, 1912, the guardian's deed executed to him. That deed was recorded May 11, 1912. October 25, 1912, after the plaintiff had reached his majority, he executed a warranty deed to Rollins for the purpose of confirming and ratifying the guardian's deed of May 1st for the expressed consideration of $1. Rollins remained in possession of the land until the 17th day of January, 1916, at which time he conveyed by warranty deed to R. E. Hatcher, who went into possession and remained in possession until the 21st day of October, 1916, when he conveyed by warranty deed to Miles Haynes and Annie Eliza Haynes, who at that time went into possession.

February 2, 1921, the allottee commenced this action to recover the land and to have his deed of October 25, 1912, and the guardian's deed of May 1, 1912, decreed to be void. Copies of these two deeds were attached to the petition as exhibits. The defendants R. E. Hatcher, Miles Haynes, and Eliza Haynes, answered by general denial and pleaded the two, three, and five year statutes of limitation. The defendants Miles Haynes and Eliza Haynes filed their cross-petition alleging that they had bought the land from R. E. Hatcher without any knowledge of any fraud having been perpetrated upon the plaintiff, and that the public records of Pontotoc county showed that R. L. Rollins had good title and had sold to Hatcher for a valuable consideration without notice of fraud or any defect in the title, and that Hatcher had sold to them for a valuable consideration, and that they were innocent purchasers for value, and prayed that the title be quieted in them. Judgment was for defendants and the plaintiff has appealed.

The first question for consideration is that of the statutes of limitation. Plaintiff contends that the fourth subdivision of section 183, Comp. Stat. 1921, is controlling, or, in other words, that the 15 year statute applies, while the defendants contend that the case falls within the second subdivision of that section, and that the action was barred at the expiration of five years after the guardian's deed was filed of record. Section 183, Comp. Stat. 1921, is as follows:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed. after the cause of action shall have accrued, and at no time thereafter: * * *

"Second. An action for the recovery of real property sold by executors, administrators or guardians, upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person, or the ward or his guardian, or any person claiming under any or either of them, by the title acquired after the date of the judgment or order, within five years after the date of the recording of the deed made in pursuance of the sale. * * *

"Fourth. An action for the recovery of real property not hereinbefore provided for, within fifteen years. * * *"

Section 184:

"Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed."

In the case of Minehart v. Littlefield, 94 Okla. 249, 222 Pac. 253, it was held that the limitation provided by sections 1302 and 1303, Comp. Stat. 1921, being a part of the article governing probate procedure, controls in actions to recover any estate sold by an executor or administrator for the reason that such actions are special cases within the meaning of the last clause of section 182. That section is as follows:

"Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases a different limitation is prescribed by statute, the action shall be governed by such limitation."

Those sections held to be controlling are as follows:

1302. "No action for the recovery of any estate sold by an executor or administrator under the provisions of this article can be maintained by any heir or other person claiming under decedent, unless it be commenced within three years next after the sale. An action to set aside the sale may be instituted and maintained at any time within three years from the discovery of the fraud or other grounds upon which the action is based."

1303. "The preceding sections shall not apply to minors or others under any legal disability to sue at the time when the right of action first accrues; but all such persons may commence an action at any time within three years after the removal of the disability."

It is also held that the limitation provided by section 1496, upon action for the recovery of any estate sold by guardian, falls within the meaning of "special cases" as used in section 182. Section 1496 is as follows:

"No action for the recovery of any estate, sold by a guardian can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrues, within three years next after the removal thereof."

Plaintiff, in his reply brief, says, in substance, that the suit is for cancellation of the warranty deed of October 25, 1912, and for the recovery of the real property involved, and that the guardian's deed is of secondary importance, and for that reason the case falls in the fourth subdivision of section 183, and not within any other subdivision or section. It must be conceded that if the only thing sought by the plaintiff, or necessary to his recovery, was the cancellation of the warranty deed of October 25th, then it would not fall within subdivision two, or section 1496, and would be controlled by subdivision four, referred to as the 15-year statute. But can that contention be sustained? One of the things deemed necessary by the plaintiff for his recovery at the time the petition was filed, was to have the guardian's deed declared void. The sale by the guardian under order of the county court and the execution of the guardian's deed are alleged in the petition, and a copy of that deed attached as an exhibit. The prayer is that that deed be decreed to be void. It may also be observed that if the deed of October 25th had never been executed, or if it be considered eliminated, still the defendants Miles Haynes and Eliza Haynes would be in possession under color of title by reason of the guardian's deed duly filed of record. It is true that if the guardian's deed had not been executed, and this suit had been brought to recover the land, relying upon the invalidity of the deed of October 25th, executed by plaintiff, the action might have been brought any time within 15 years, but the defendants being in possession under color of title, by reason of the deed of October 25th and also by reason of the guardian's deed, it would be necessary that both be decreed to be void to establish plaintiff's right to recover. It would present an absurdity to say that the 15-year limitation provided by the fourth subdivision is applicable because it is sought to invalidate the deed of October 25th, when the cancellation of that deed alone would not entitle plaintiff to recover. With the defendants in possession under color of title by virtue of the recorded guardian's deed, a suit to cancel the other deed alone, leaving the guardian's deed of record, could

only lead to a mock trial which could not be entertained. Courts are not created to determine abstract rights disconnected from the granting of actual relief or from the determination of which no practical result can follow.

We therefore think that the case falls within the second subdivision of section 183, and also within section 1496. Subdivision two of section 183 requires that an action brought by the ward must be commenced within five years after the date of the recording of the deed made in pursuance of the sale. Section 1496 requires that an action brought by the ward must be commenced within three years next after the termination of the guardianship, or, when a legal disability to sue exists by reason of minority at the time the cause of action accrues, within three years next after reaching majority. The guardian's deed was recorded May 11, 1912, and under subdivision two an action brought more than five years thereafter is barred. The guardianship was terminated on the 4th day of January, 1913. The action was brought more than three years thereafter. Plaintiff reached his majority June 10, 1912, and the action was not brought within three years thereafter. Entertaining this view, we think it unnecessary to decide whether subdivision two of section 183 or section 1496 is controlling, as in either case the action was barred.

Plaintiff, for the purpose of showing the invalidity of the guardian's deed, introduced in evidence the entire record of the guardianship proceedings relating to the sale, and then submitted oral testimony to prove that no money was received by the guardian, and that the only consideration received by the ward was the original consideration received by him for the execution of the deed during his minority. No irregularity in the proceedings has been pointed out. The proceedings seem to have been regular, but, in considering the question of the statutes of limitation, it is not material whether the guardian's deed was valid, voidable, or void. In the case of Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368, the question to be decided was, "Does the statute of limitations of this state run against a void guardian's deed?" The question was answered in the affirmative. After reviewing the authorities of the different states, Hayes, Chief Justice, held that the recording of a void guardian's deed set the statute in operation. He quoted with approval from Harlan et al. v. Peck et al., 33 Cal. 515, as follows:

"There is nothing in the policy or language of the statute which excludes void

sales from its operation. The policy of the statute is to quiet titles to real estate sold by order of the probate courts; and, in view of that policy merely, there can be no distinction between sales which may be termed void for the want of jurisdiction and those which are voidable only. Nor is there anything in the language of the statute which creates such a distinction. * * * (If the statute applies only to valid sales), the defendant in every case would be compelled to allege and prove a valid sale before he could invoke the protection of the statute; or, in other words, he must show that he stands in no need of protection in order to obtain protection. * * * We think the statute applies to all sales, void as well as voidable."

The reasoning in Harlan v. Peck appears to be conclusive. If the statute of limitation can be invoked only where the guardian's deed is valid, then it furnishes no protection. It is only when the deed, for some reason, appears to be invalid that protection is needed. Dodson v. Middleton has been followed and approved in the following cases: Group v. Jones, 44 Okla. 344, 144 Pac. 377; Fulk v. Squires, 77 Okla. 224, 187 Pac. 921; Wray v. Howard, 79 Okla. 223, 192 Pac. 584; Glory v. Bagby, 79 Okla. 155, 188 Pac. 881; Mehard v. Little, 81 Okla. 1, 196 Pac. 536. In Sandlin v. Barker, 95 Okla. 113, 218 Pac. 519, Justice Cochran, on page 523, said:

"As to the contention that the statute of limitation does not run against an administrator's deed executed in pursuance of a void sale, this court has consistently held that the statute does run in such cases since the decision of this court in Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368, by Hayes, C. J., rendered September 22, 1913."

Some contention is made that Rollins quitclaimed to the ward whatever title he acquired by the guardian's deed of May 1, 1912, by the execution of a quitclaim deed to him on the same day, acknowledged three days later, and filed in the office of the county clerk simultaneously with the guardian's deed. We think it was clearly not so understood by the parties. Special reference was made in the quitclaim deed to the guardian's deed of December 26, 1911, and the warranty deed of Lucy May Walker, wife of the ward, December 26, 1911. The ward, on October 25, after reaching his majority, executed his warranty deed confirming the guardian's deed of May 1, containing this language:

"This deed is executed at this time for the purpose of ratifying and confirming the sale and the guardian's deed executed by R. L. Walker, the duly appointed guardian, which said deed is dated May 1, 1912, and

recorded in Deed Record 12, at page 337, in office of Register of Deeds of Pontotoc county, Oklahoma, at Ada, Oklahoma, to which reference is hereby made, and I do by these presents ratify and confirm said deed executed by said R. L. Walker, guardian, together with all improvements thereon and appurtenances thereunto belonging and warrant the title to the same."

And plaintiff alleged in his petition that the defendants were claiming title by reason of the guardian's deed alleged to be void, and no allegation is made that Rollins quitclaimed to him subsequent to the guardian's deed.

The judgment should be affirmed.

By the Court: It is so ordered.