**KIMBERLIN et al. v. ANTHONY.**

No. 17031—Opinion Filed Oct. 5, 1926.

Rehearing Denied March 22. 1927.

1. **Courts — County Courts—Sale of Real Estate Dependent on Probate Jurisdiction.**

A county court of the state of Oklahoma has no jurisdiction to sell real estate, not arising under its probate jurisdiction.

2. **Homestead—Right of Occupancy by Surviving Spouse Irrespective of Administration Proceedings.**

The homestead of a deceased party is not subject to administration proceedings. No order of the county court is required to entitle the surviving husband or wife to con-

tinue in possession and occupancy of the homestead. The right to occupy the homestead is given by the statute and requires no order of court to vitalize it and give it effect.

3. **Executors and Administrators—Possession Through Administrator's Sale of Land—Limitation Against Recovery by Heirs Regardless of Validity of Deed.**

Where the grantee, under an administrator's deed, and those claiming under him have been in continuous possession of real property since the purchase thereof at an administrator's sale, an action by the heirs to recover the property, commenced more than 14 years after the administrator's deed was recorded and more than three years after the youngest heir had reached his majority, is barred by subdivision 2, section 183, and by sections 1302 and 1303, Comp. Stat. 1921, and it is not material whether the administrator's deed is valid, voidable, or void.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by Elma J. Anthony against John W. Kimberlin et al. Judgment for plaintiff, and defendants appeal. Affirmed.

Brett & Brett and Dan W. Weldon, for plaintiffs in error.

Green & Pruet, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Stephens county by Elma J. Anthony, defendant in error, plaintiff below, against John W. Kimberlin et al., as heirs of Jesse N. Kimberlin, deceased, and persons otherwise interested in the lands involved in this action, to determine the interests of the parties defendant in the lands, at the time of the death of Jesse N. Kimberlin, and that their claims be declared without right and to be void, and the right, title and interest and right of possession be quieted in the defendant in error and for general relief.

The parties will be referred to as plaintiff and defendants, as they appeared in the lower court.

The issues raised necessary to a decision in this case are: That Jesse N. Kimberlin died January 22, 1908, and left as his only assets a homestead of 160 acres, which was then occupied by himself and family, and which was held by him by patent from the United States government, and three mares of the value of $250; that he left surviving him as his sole and only heirs at law his wife, Lucy J. Kimberlin, the defendant, and eight children, three of whom were minors; that an administrator was appointed, upon whose petition the county court set aside 60 acres of the quarter section, which is described as the southeast quarter of section 7, township 3 south, range 8 west, which included the dwelling house, outbuildings, and other improvements occupied by the family; that Martin B. Anthony, the husband of the plaintiff, purchased the remaining 100 acres at administrator's sale and received a deed therefor, which was placed of record the same day, and entered into possession thereof on the 20th day of June, 1910, and has retained the exclusive, open, notorious, and adverse possession of the same until the time of his death, and the plaintiff, who succeeded him as his sole heir, still retained possession thereof without any interference until the date that the defendants filed their answer and cross-petition in this action on the 14th day of October, 1924, and still retains possession of same; that two of the minors attained their majority on or before January 22, 1911, and the youngest minor became of age on or before January 22, 1918. The entire probate proceeding included the appointment of administrator, the petition and order setting aside the 60 acres as a homestead, the petition and orders for the sale of the 100 acres which recited, as reason for the sale, that there was a mortgage on the land for $1,750, owned by the Aetna Life Insurance Company of Hartford, Conn., and other indebtedness, altogether amounting to approximately $2,500; that the 100 acres were sold to Martin B. Anthony for $2,500, and deed received therefor, which was duly recorded. The final report and order approving the same were introduced, showing the receipt of the $2,500 and the payment of $1,855 on the mortgage, and taxes, interest, and other indebtedness of the estate was also paid; that two of the mares had been reserved for the use of the family and the other sold for $175, and from sale of corn and cotton certain amounts had been received by the administrator, the entire receipts aggregating the sum of $2,754.05; and that the entire indebtedness paid out by him amounted to $2,690.10, leaving a balance in the hands of the administrator of $63.95. The only evidence introduced showed the value of the entire 160 acres, including the improvements, to be $4,000.

No question is raised by the defendants as to the form and regularity of the sale proceedings, but the question raised by them is that the county court of Stephens county was without jurisdiction to order or decree the

sale of any part of the 160 acres owned, held, and occupied by Jesse N. Kimberlin and his family, at the time of his death, as a homestead, and that said sale was absolutely void under the Constitution and laws of the state of Oklahoma.

The plaintiff, in her pleadings, joins issue, contending that the sale was legal in every respect, and that the defendants were estopped by lapse of time, and set up the statute bar of limitation against recovery in this case, and that the entire 160 acres were incumbered by mortgages, and that said sale was necessary to relieve the 60-acre homestead set aside by the court, as well as the 100 acres, from the incumbrance of the mortgage; that the purchase money was received and used by the estate for the purpose of paying this indebtedness, as well as other indebtedness of the estate, and that there was no personal property sufficient to pay said indebtedness; and that having received the benefits from said sale, the defendants had not tendered or offered to restore to the plaintiff the purchase price or any part thereof.

The court, after having heard all the evidence, pronounced judgment in favor of the plaintiff and against the defendants as prayed for in the petition. After an unsuccessful motion for new trial the cause comes regularly upon appeal to this court for review of said judgment. Attorneys for defendants present their argument as follows:

"The one question before the Supreme Court is the validity of this administrator's sale of a portion of the homestead of the deceased, Jesse N. Kimberlin. We insist that the county court was without jurisdiction to order or decree the sale of any part of this homestead, and for that reason the attempted sale was absolutely void."

We are inclined to hold with the contention of attorneys upon this proposition. The Constitution limits the jurisdiction of the county courts in article 7, section 12, in which it says that it shall not have jurisdiction in several matters, including as follows:

"* * * Nor to order or decree the partition or sale of real estate not rising under its probate jurisdiction."

Section 1224, Comp. Stats. 1921, provides that:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceeding, until it is otherwise disposed of according to law."

In the case of Holmes v. Holmes, 27 Okla. 140, 111 Pac. 220, which was cited and followed by this court in the recent case of Barnett et al. v. Love et al., 118 Okla. 31, 248 Pac. 645, this court said that the words, "until it is otherwise disposed of according to law," mean that "it may be sold for taxes, or upon foreclosure of any mortgage thereon executed by both husband and wife, or upon execution to enforce judgment for the purchase price or any part thereof, or in the enforcement of a mechanic's lien."

In the case of Belt v. Bush, 74 Okla. 94, 176 Pac. 935, this court said that:

"No order of the county court is required to entitle the surviving husband or wife to continue in possession and occupancy of the homestead. The right to occupy the homestead is given by the statute and requires no order of court to vitalize it and give it effect."

Section 1, art. 12, of the Constitution provides, among other things, that a rural homestead shall consist of not more than 160 acres of land, and that an urban homestead shall consist of not exceeding one acre of land of the value not to exceed the sum of $5,000. We therefore conclude that the 160 acres owned, held, and occupied by Jesse N. Kimberlin and family, at the time of his death, was such a homestead as is contemplated by the Constitution and statutes of Oklahoma, and that the wife and family had the right to use and occupy the same until otherwise disposed of, according to law, as defined in the case of Holmes v. Holmes, supra, and this right to use and occupy the same as a homestead was vested by operation of law in the surviving wife and family without any order, and that the same was not subject to administration proceedings or sale under the authorities above quoted.

Having found that the sale was unauthorized, under the law, we pass to the next question raised by attorneys for plaintiff in their brief, that, this being a judicial sale, the defendants are barred by the lapse of time after the administrator's deed was placed of record from asserting any right, title, or ownership in the property so sold, regardless of whether the sale was unauthorized or was voidable or void, and having received and accepted the benefits of the purchase price paid by Martin B. Anthony and having applied the $2,500 consideration to the releasing the mortgage on the 60 acres retained by the estate for the use of the surviving wife and children by using the same for the payment of the mortgage indebtedness against the entire 160-acre tract and the other indebtedness of the estate, that, under such circumstances, the defen-

ants should have been held to make a tender back to the purchaser or his heirs of the purchase price, and to have made an offer to restore the same, which was never done in this case.

The facts are undisputed that the 100 acres involved here were sold by the administrator of Jesse N. Kimberlin's estate, upon an order or judgment of the county court directing such sale; that the sale took place on the 20th day of June, 1910, and Anthony, the purchaser, received an administrator's deed therefor, and recorded same, and entered into immediate possession thereof, and he and his heirs have been in continuous possession ever since; that no action for the recovery of the same was ever instituted by his heirs prior to the filing of the cross-petition in this action on the 14th day of October, 1924, and that the youngest minor heir's disability of minority was removed on becoming of age on or before the 22nd day of January, 1918. Then subdivision 2 of section 183, Comp. Stats. 1921, under the head of "Limitation of Real Actions," providing that actions for recovering real property sold by an administrator must be brought "within five years after the date of the recording of the deed made in pursuance of the sale," governs in this case. And in probate matters, such as are involved here, the statutes of our state, at section 1302, Comp. Stats. 1921, provides that no action can be maintained by an heir or other person, claiming under a decedent, for recovering of any estate sold by an administrator unless it be commenced within three years next after the sale, and section 1303, following, provides that the above referred to section shall not apply to minors or others under any legal disability to sue at the time when right of action first accrues, "but all such persons may commence an action at any time within three years after the removal of the disability." The above sections, being special statutes of limitation, control in this case.

In the case of Minehart v. Littlefield, 94 Okla. 249, 222 Pac. 253, this court held:

"The provisions of sections 1302 and 1303 apply to the sale of both real and personal property by the executor or administrator" —overruling the case of Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368, and all other cases in which this court has held that the two-year statute of limitation applied to persons laboring under a disability after their disabilities were removed, but in this regard only.

In the case of Dodson v. Middleton, supra, this court said:

"Where the grantee went into possession of real estate immediately after the purchase thereof by him at a void guardian's sale, and such grantee and those claiming under him remain continuously in possession thereof thereafter, and where the action to recover said real estate is not brought by the minor or his guardian within five years after the recording of the deed, nor by the minor within two years after his legal disability is removed, an action by such minor for the recovery of said property is barred by sections 5547-5549, Comp. Laws 1909 (Rev. Laws 1910, secs. 4654-4656)."

Following Minehart v. Littlefield, supra, the word "two" should be stricken out of the above quotation and the word 'three" inserted before the word "years."

In the late case of Walker v. Hatcher et al., 109 Okla. 283, 231 Pac. 88, this court said:

"Where the grantee under a guardian's deed, and those claiming under him, have been in continuous possession of real property since the purchase thereof at a guardian's sale, an action by the ward to recover the property, commenced more than eight years after the guardian's deed was recorded, and more than seven years after the termination of the guardianship, and more than three years after the ward has reached his majority, is barred by subdivision 2, section 183, and by section 1496, Comp. Stat. 1921, and it is not material whether the guardian's deed was valid, voidable, or void."

In the case of Sandlin v. Barker, 95 Okla. 113, 218 Pac. 519, in the body of the opinion at page 117, it is said that, since the decision of this court in the case of Dodson v. Middleton, supra, this court was committed to the view that subdivision 2 of section 5548, Comp. Laws 1909, applied even though the proceedings leading up to the sale, or the sale itself was void, and the case of Harlin v. Peck, 33 Cal. 515, was cited with approval, a portion of which is as follows:

"* * * There can be no distinction between sales which may be termed void for the want of jurisdiction and those which are voidable only. Nor is there anything in the language of the statute which creates such a distinction * * * (if the statute applies only to valid sales) the defendant in every case would be compelled to allege and prove a valid sale before he could invoke the protection of the statute; or, in other words, he must show that he stands in no need of protection in order to obtain protection. * * * We think the statute applies to all sales, void as well as voidable."

Practically all the decisions of this court, including the case of Burckhalter et al. v. Vann, 59 Okla. 114, 157 Pac. 1148, cited by

counsel for defendants, are reviewed in the case of Sandlin v. Barker, supra, that touched upon this question of the running of the statute of limitation against titles acquired at judicial sales by administrators of estates, and the rule to be deduced from all the authorities is that, where real or personal property is sold at administrator's or guardian's sale, an action for recovery thereof must be instituted within five years after such sale and recording of the deed, saving to minors or incompetents three years after the removal of their minority or incompetency, regardless of whether such sales are void or voidable.

We are clearly of the opinion that, in this case, the statute bar of limitation had run against all the adult defendants within five years after the sale and recording of the deed and against the youngest minor after saving to him the three years granted to him under the statute. Having arrived at this conclusion, it is unnecessary to pass upon the question of tender or restoration of the purchase price.

We are therefore of the opinion that the judgment of the trial court should be and it is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. p. 1004, §418. (2) 29 C. J. p. 1029. §528; p. 1041, §552: p. 1149, §357. (3) 37 C. J.p. 738, §57; p. 745, §64; p. 1022, §425.