[No. 8441. In Bank.—November 25, 1885.]

## HENRY G. GANAHL ET AL., APPELLANTS, *v.* LEWIS SOHER ET AL., RESPONDENTS.

ESTATE OF DECEDENT — SALE BY ADMINISTRATOR — ACTION TO RECOVER PROPERTY SOLD — STATUTE OF LIMITATIONS. — An action by the heirs of a deceased intestate to recover real property sold by a person acting as his administrator under the provisions of the Probate Act, and by order of the Probate Court, must be brought within three years next after the sale, or within three years after they attain majority, notwithstanding such sale was void because of the invalidity of the appointment of the acting administrator.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover the possession of certain land. The court instructed the jury in effect that the right of the plaintiff, Henry G. Ganahl, to recover, was barred by section 1573 of the Code of Civil Procedure, because the action was not brought within three years after he attained his majority. The further facts are stated in the opinion of the court.

*Carter P. Pomeroy*, for Appellants.

The right of the plaintiff, H. G. Ganahl, was not barred by section 1573 of the Code of Civil Procedure. Conceding that such section applies to void probate sales, its application should be confined to sales made by an administrator or executor acting *de jure* under a valid

appointment, and should not be extended to a void sale made by an administrator acting under an invalid appointment. (*Pryor* v. *Downey,* 50 Cal. 388; *McNeil* v. *First Cong. Soc.,* 66 Cal. 105; *Seaverns* v. *Gerke,* 3 Saw. 368.

*H. J. Tilden,* for Respondents.

Section 1573 of the Code of Civil Procedure applies to all probate sale, void as well as voidable. (*Harlan* v. *Peck,* 33 Cal. 520; *Meeks* v. *Olpherts,* 100 U. S. 568; *Meeks* v. *Vassault,* 3 Saw. 210; *Holmes* v. *Beal,* 9 Cush. 223.)

Ross, J.—The plaintiffs claim title to the lot of land in controversy as the heirs at law of Henry Ganahl, who died intestate in the state of Georgia on the twelfth day of May, 1855. In 1867, one Andrew D. Smith filed in the Probate Court of the city and county of San Francisco, where the property is situate, a petition for letters of administration on the estate of said deceased, and an order was subsequently made by the court appointing him administrator. In the course of his administration of the estate, Smith presented to the Probate Court a petition for the sale of the property involved in the action, the court made an order directing its sale, and pursuant to that order it was sold and afterwards confirmed to one Leon Smith, to whose interest the defendants subsequently succeeded. At the time of sale the plaintiff, Henry Gordon Ganahl, was a minor, but he attained his majority more than three years before the commencement of this action. With respect to the other plaintiffs, it is not denied that the five years statute of limitations barred whatever rights they acquired as heirs at law of the deceased Ganahl. But in addition to the five years statute, the defendants, among other defenses, pleaded the three years statute of the Probate Act. That statute, in force when the sale in question was made, provided that "no action for the recovery of any estate, sold by an executor or administrator under the provisions of this

chapter, shall be maintained by any heir or other person claiming under the deceased testator or intestate, unless it be commenced within three years next after the sale." The succeeding section reserved to minors and others, under legal disability to sue, the right to commence such action at any time within three years after the removal of the disability.

If this provision of the Probate Act applies to the present case, the instruction of the court below was correct, and the verdict of the jury should not be disturbed. It is contended, however, on behalf of the appellant, that it does not apply, because, as is claimed, the notice given of the application for the appointment of Andrew D. Smith as administrator did not conform to the statute, and that therefore his appointment was void. The regularity of the subsequent proceedings in the matter of the administration of the estate, in so far as mere matter of form is concerned, we do not understand to be questioned. In *Harlan* v. *Peck*, 33 Cal. 515, it was held that the provision in question "applies to all sales, void as well as voidable, made by Probate Courts, of real estate belonging to persons who have died since the passage of the Probate Act." Insufficiency of the petition for the sale was what rendered the sale in that case void, but there is no distinction in principle between the insufficiency in the petition for sale, or in the notice of sale, and insufficiency in the notice for the appointment of the administrator, or other insufficiency in the progress of the administration. In the case of *McNeil* v. *First Cong. Soc.*, 66 Cal. 105, relied on by appellant, the court had no jurisdiction of the subject-matter, for the reason that the deceased died prior to the passage of our probate law. In *Pryor* v. *Downey*, 50 Cal. 388, the point here involved did not arise. There is nothing in that case inconsistent with what was decided in *Harlan* v. *Peck*, on the authority of which case the judgment is affirmed.

MYRICK, J., and MORRISON, C. J., concurred.

THORNTON, J., concurring.—I concur in the judgment on the ground that the action is barred by the general statute of limitations.