## CURRY et al. v. BROWNING et al.

No. 16870—Opinion Filed Oct. 19, 1926.

Rehearing Denied Jan. 18, 1927.

**1. Courts—Probate Courts — Finality of Judgments not Appealed From.**

The probate court is, upon all matters upon which it is authorized to deal and upon which it has jurisdiction, a court of record and of final authority, and its judgments are in these matters absolute unless appealed from.

**2. Infants—Lack of Issue in Pleadings as to Minority of Heirs.**

Where parties sue in their own right as heirs of a deceased Indian, and there is no allegation or suggestion of the minority of any of the parties in the pleadings, the question of minority is not in issue and is not material to the action, and no evidence is necessary on a question not in issue.

**3. Indians—Limitation of Actions—Administrator's Sale of Unrestricted Land—Statutory Bar Against Heirs.**

Under the Act of Congress May 27, 1908, the death of any allottee of the Five Civilized Tribes operates to remove all restrictions upon the alienation of the allottee's lands, and the sale of the allottee's lands by an administrator is a bar to any action by such allottee's heirs of less than full blood, after the expiration of five years from the date of recording the deed made in pursuance of such sale under section 183, C. O. S. 1921.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by George Lowery et al., as heirs of Ellis Lowery, against J. T. Browning et al. During the pendency of the action certain heirs of Ellis Lowery conveyed their interests to Rex F. Curry. Judgment for partition and quieting title to a portion of lands in Curry and a portion to J. T. Browning, and Rex F. Curry and others appeal. Affirmed.

Neff & Neff, for plaintiff in error Rex. F. Curry.

Frank L. Montgomery, for plaintiffs in error David E. Martin and D. A. Martin.

Britton H. Tabor and Chas. R. Freeman, for defendants in error.

Opinion by RUTH, C. This is an action brought by Moses Lowery, George Lowery, Henry Lowery, Carrie Lynch, Emma Ogden, and Mary Weeks, as plaintiffs, against J. T. Browning and Mrs. J. T. Browning, as defendants, wherein plaintiffs prayed their title to certain lands be quieted, and that they have judgment for rents and profits. Plaintiffs claimed as heirs, to wit, brothers and sisters of Ellis Lowery, a full-blood Cherokee Indian, who died intestate in March, 1908, and the land for which the action was brought being the allotment of Ellis Lowery. Two months after filing the action plaintiffs quitclaimed to Rex F. Curry, David E. Martin and the unknown heirs of Ellis Lowery and Clarinda Martin were made parties defendant.

David E. Martin filed his answer and cross-petition, in which he alleges he is the child of Clarinda Martin, formerly Lowery, and a half-brother of the original plaintiffs, and Clarinda Martin died January 11, 1910, seised of all her inherited interest in the lands of Ellis Lowery; and that at the date of the death of Ellis Lowery, he was entitled to participate in the distribution of the estate of the allottee, and at the death of Clarinda Martin he was entitled to further participate therein. D. A. Martin filed his answer and cross-petition, alleging he was the husband of Clarinda at the time of her death, and is entitled to participate to the extent of a child's part of that inherited interest which went to Clarinda Martin upon the death of Ellis Lowery. Mrs. J. T. Browning disclaims, and J. T. Browning filed his answer and cross-petition, and alleges D. R. Coody lawfully administered upon the estate of Ellis Lowery, and the lands were sold to J. W. Rackley for $1,100, and the sale was duly confirmed by the county court of McIntosh county on January 11, 1909, and the deed recorded January 21, 1909, and Rackley immediately entered upon the lands, and Browning deraigns title through mesne conveyance through the administrator's deed, and Rackley and Browning have been in open, notorious, and adverse possession of the lands since January, 1909; that plaintiff or his grantors have never been in possession of the lands; that Browning has made permanent and lasting improvements on the lands in good faith, and prays that J. W. Rackley and his wife be made parties as warrantors of his title, and further pleads the statute of limitations.

Upon trial had the court found Browning had placed permanent and lasting improvements upon the land, such as putting a portion under cultivation and erecting buildings; that Browning or Rackley had been in possession of the lands since 1909; that the surviving spouse, David A. Martin, was not of Indian blood. Judgment was entered decreeing Browning the owner of an undivided 53-168ths of the lands, and Rex Curry was the owner of 115-168ths of the lands, and ordered the lands partitioned without regard to the improvements; and that the commissioners, in partitioning the land, if possible, select for J. T. Browning such parts of the land as contained the improvements. The court further rendered judgment in favor Browning and against Rackley on their warranty in the sum of $684, with interest from 1909. From this judgment Rex Curry, David E. Martin, and D. A. Martin appeal, and the cause is before this court upon petition in error and case-made

The only error assigned by plaintiffs in error is:

"Plaintiffs in error allege as error that the court 'erred. that they were barred by limitations, and that it attempted to separate the improvements from the land itself, and gave them to defendants."

In plaintiffs in error's argument the following proposition is presented:

"The probate courts of Oklahoma are without jurisdiction to sell allotted lands of deceased full-blood Indians through an administrator for the purpose of paying debts, and such sale, being prohibited by positive act of Congress, gives no color of title."

A very careful review of the whole record fails to disclose that the administrator of Ellis Lowery in 1909, sold these lands for debt. Neither the original petition, the amended petition, nor the evidence makes the slightest mention of the lands being sold for debts of Ellis Lowery, and the case of Dawes et al. v. Brady et al., 112 Okla. 289, 241 Pac. 147, cited by plaintiffs in error, is not applicable to the point contended for by plaintiffs in error. None of the proceedings in the appointment of the administrator, or his petition to sell the lands, or the sale or confirmation of the sale, appear in the record, and in the absence thereof it must be assumed that the proceedings were in all respects regular, and full faith and credit will be given to the acts of the courts of record of this state, in the absence of allegations supported by proof that the court acted without its jurisdiction.

"The probate court is, upon all matters upon which it is authorized to deal and up-

on which it has jurisdiction, a court of record and final authority and its final judgments are in these matters absolute unless appealed from." Greer v. McNeal, 11 Okla. 519, 69 Pac. 891; 11 Okla. 526. 69 Pac. 893.

Plaintiffs further contend that no evidence was introduced by defendant Browning as to the age of Mary Weeks and David E. Martin, citing Dawes v. Brady, supra, where it was held:

"That where the date of majority of an Indian citizen is material in an action by such Indian heir to recover his share in his deceased mother's allotment, the burden is on the one claiming the bar of the statute of limitations against such Indian heir to prove the date of majority by the enrollment records."

While we are in perfect accord with the holding in Dawes v. Brady, supra, it is not applicable to the facts in the instant case, as in the Dawes Case, the fact that the lands were sold for debts of the deceased, and the minority of Sampson Dawes at the time of the purported administrator's sale of his mother's estate, were raised by the pleadings, and Sampson Dawes' age thereby became "material to the action." There was not even an attempted guardian's sale as in the instant case. A careful examination of plaintiffs' original petition and amended petition, and the defendant Brownings' answer and cross-petition fails to disclose any mention of the minority of any of the heirs. David E. Martin and D. A. Martin were made parties defendant, but upon whose motion does not appear, and in their several answers and cross-petitions, no mention or suggestions are made of the minority of any of the parties, and the minority of David E. Martin was not in issue, and was not "material to the action," and no evidence was necessary on a question not in issue.

There is no suggestion that the lands were sold for the payment of debts of deceased, and there were but two witnesses sworn, to wit: Carrie Lynch for plaintiff and J. T. Browning for defendant. Rex Curry, David E. Martin, or D. A. Martin submitted no testimony on any question. The uncontroverted testimony was, that J. W. Rackley acquired the lands on January 11, 1909, and he or J. T. Browning has been in open, adverse, and notorious possession thereof since that date, and this action was not filed until February 23, 1924, or more than 15 years after the sale to Rackley was confirmed by the county court and the deed placed of record.

No findings of fact or conclusions of law were requested of the court, and the judgment discloses the court found that Mary Weeks was enrolled as a three-fourths Cherokee Indian; David E. Martin as a one-half Cherokee Indian, and D. A. Martin was not of Indian blood; that Moses Lowery, George Lowery, Henry Lowery, Carrie Lynch, Emma Ogden, and Clarinda Martin were enrolled as full-blood Cherokee Indians, and had conveyed their interests to Rex Curry, the substituted plaintiff.

Under the provisions of section 9 of the Act of May 27, 1908, all restrictions were removed except as to the inherited interests of full-blood heirs. Section 9 of the Act reads in part as follows:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land."

It is conceded the administrator's sale of the inherited interests of the heirs of the full-blood, was void, and the administrator's deed did not give even color of title, as against them, and the statute of limitations was unavailing as a defense, and the sale being void as against the heirs of the full-blood, it was void as to the heirs of less than the full-blood. Conceding the administrator's deed was void, the question arises: Does the statute of limitations run against a void administrator's sale?

In Sandlin v. Barker, 95 Okla. 113, 218 Pac. 519, this court held:

"The minority of a Creek freedman is a restriction upon alienation under the Act of May 27, 1908, and allotted lands of such minor Creek freedman are not subject to, or to be held liable for, any form of personal claim or demand against the allottee arising or existing prior to his majority, and upon the death of such allottee, his lands are not assets of the estate, and a sale made by the administrator to pay debts of the estate is void."

The court further said:

"The statute of limitations does not begin to run in favor of one holding under a conveyance executed in violation of federal restrictions during the existence of the federal restriction; but, upon the removal of such restriction, the statute of limitations begins to run."

The Act of Congress May 27, 1908, removed the restrictions as to the inherited interests of heirs of less than the full-blood, and in Rowe et al. v. McIntosh, 101 Okla. 299, 225 Pac. 948, the court said in the body of the opinion:

"Defendants in error contend that statutes of limitation cannot run in favor of one holding under a deed made in violation of federal

restrictions. This is true while the restrictions continue. The statute applies upon their expiration or removal, citing Sandlin v. Barker, supra."

Mr. Justice Brown, delivering the opinion of the court in Schrimpscher v. Stockton, 183 U. S. 290, 22 Sup. Ct. 107, 46 L. Ed. 203, said:

"The failure of the Secretary of the Interior to confirm or avoid a sale of land by an incompetent Indian in violation of the treaty of January 31, 1855, between the United States and the Wyandotte Indians, does not prevent the statute of limitations from beginning to run against the right of his heirs to maintain ejectment against his grantees at the date of ratification of the treaty of February 23, 1867, removing all restrictions upon sales of land patented to incompetent Wyandottes, which should thereafter be made, and authorizing the Secretary of the Interior to investigate and confirm or avoid such sales theretofore made."

And in the body of the opinion, the court further said:

"Their disability terminated with the ratification of the treaty of 1868. The heirs might then have executed a valid deed of the land, and possessing, as they did, an unincumbered title in fee simple, they were chargeable with the same diligence in beginning an action for their recovery as other persons having title to lands; in other words, they were bound to assert their claims within the period limited by law."

In Kimberlin et al. v. Anthony, decided by this court as recently as October 5, 1926 (pending on rehearing), this court held:

"Where the grantee, under an administrator's deed, and those claiming under him, have been in continuous possession of real property since the purchase thereof at an administrator's sale, an action by the heirs to recover the property, commenced more than 14 years after the administrator's deed was recorded and more than three years after the youngest heir had reached his majority, is barred by subdivision 2, section 183, and by sections 1302 and 1303, Comp. Stat. 1921, and it is not material whether the administrator's deed is valid, voidable or void."

After setting forth the statutes of limitation applicable to actions for the recovery of interests in real property, this court, in Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368, says in the body of the opinion:

"Similar statutes are to be found in Kansas and California, in each of which jurisdictions it has been held that a void sale by an administrator or guardian is sufficient to set in operation the statute," citing O'Keefe et al. v. Behrens et al., 73 Kan. 469, 85 Pac. 555 8 L. R. A. (N. S.) 354, 9

Ann. Cases 867; Stewart et al. v. Rea et al., 74 Kan. 868, 87 Pac. 1150; Mowry v. Howard et al., 65 Kan. 862, 70 Pac. 863; Ganahl v. Sober, 68 Cal. 95, 8 Pac. 650; Reed v. Ring, 93 Cal. 96, 28 Pac. 851.

In Harlan et al. v. Peck et al., 33 Cal. 515, 91 Am. Dec. 653, the reason upon which the doctrine is sustained is stated in the following language:

"There is nothing in the policy or language of the statute which excludes void sales from its operation. The policy of the statute is to quiet titles to real estate sold by order of the probate courts; and, in view of that policy merely, there can be no distinction between sales which may be termed void for the want of jurisdiction and those which are voidable only. Nor is there anything in the language of the statute which creates such a distinction. * * * (If the statute applies only to valid sales) the defendant in every case would be compelled to allege and prove a valid sale before he could invoke the protection of the statute; or, in other words, he must show that he stands in no need of protection in order to obtain protection. * * * We think the statute applies to all sales, void as well as voidable. * * *"

The court found for Rex Curry, in so far as the interests of the plaintiffs of the full-blood were involved, amounting to 115-168ths, and for the defendant Browning, in so far as the interests of the plaintiffs of less than full-blood were involved, amounting to a 53/168ths interest.

Section 183, C. O. S. 1921, provides as follows:

"Action for recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued and at no time thereafter. * * *

"Second. An action for the recovery of real property sold by executors, administrators, or guardians, upon an order or judgment of a court directing such sale, brought by heirs or devisees of the deceased person, or the ward or his guardian, or any person claiming under any or either of them, by the title acquired after the date of the judgment or order, within five years after the date of recording of the deed made in pursuance of the sale. * * *

"Fourth. An action for the recovery of real property not herein before provided for, within 15 years."

Plaintiff rests his case solely upon Dawes v. Brady, supra, which case determines no question raised in the instant case. It is manifest the statute of limitations was a complete bar to the recovery by plaintiff of the

interests of Mary Weeks, David E. Martin, D. A. Martin, and for the reasons herein stated the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. p. 1009, §419; p. 1021, §442. (2) 31 C. J. pp. 1162, 1163 (Anno), §343; 31 Cyc. p. 675 (Anno). (3) 31 C. J. p. 514, §79; p. 544, §148; anno. 8 L. R. A. (N. S.) 354; 17 R. C. L. p. 718.